# Cases Argued and Determined

## In

# The Supreme Court of the State of Colorado

## At January Term, A. D. 1920

No. 9658.

### ORIN v. THE PEOPLE.

*Prosecution for the Violation of the Prohibitory Liquor Law. The evidence examined and held entirely insufficient to sustain a conviction.*

*Error to Morgan. District Court, Hon. L. C. Stephenson, Judge.*

Mr. PAUL DELANEY, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, and Mr. CHAS. H. SHERRICK, assistant, for The People.

Mr. Justice Scott delivered the opinion of the court.

THE plaintiff in error was charged in three separate informations with the violation of the prohibitory liquor law, all filed on the 25th day of January, 1919.

The first information charged the unlawful carrying of liquor into the state without marking conspicuously, as provided by the act of 1915. The second information charged the unlawful carrying of liquor from one point to another within the state. The third information charged the unlawful carrying of liquor upon defendant's person and in an automobile.

The cases were consolidated for the purpose of trial and the defendant was convicted in each case and cumulative sentences of imprisonment imposed.

Other persons were jointly charged with defendant but the record does not disclose what disposition of the cases was made as to them.

There are many assignments of error, but it is not necessary to consider all of them. It is perhaps sufficient to say that there was no sufficient testimony upon the trial to justify a conviction in either case.

The evidence seems to show that two automobiles left Cheyenne, Wyoming, in the evening, one a Buick Six, and the other a King Eight, and it is contended that these same automobiles were found at the farm premises of a man named Berks, in Morgan County, Colorado, early the next morning. There is no substantial evidence of the identity of the machines leaving Cheyenne with those found at Berks' farm. There is no testimony to disclose that either of the machines carried any liquor when they left Cheyenne. It is plain that there was no liquor or packages in either machine when found at the farm of Berks, but a quantity of whiskey was at the time found in a manger in Berks' barn, and also near a chicken coop where it was hidden under a pile of straw. There is testimony that the defendant was in Cheyenne on the day of the evening in which it is said that the machines left that point, and that he had some repairs made on a Buick Six automobile that day. There is no testimony that the defendant drove, rode in, or was in charge or possession of either machine when they left Cheyenne or at any time afterward.

It does appear that the defendant and Berks and another man were driving in a Ford machine shortly after the officers discovered the machines and liquor at Berks' farm, apparently going in the direction of Berks' house. It also appears that later, Berks and another man soon thereafter arrived at his house where he entertained the party at breakfast, but the defendant was not with them, and was

not seen by the officers.  It appears that when the machines were discovered by the officers, the Buick had a hole shot in the tank and the windshield broken out, and was without a tire on either front wheel.  It also appears that there were on that night some constabulary officers stationed at the town of Keota, Colorado, and it is contended that these officers, in attempting to stop the machines, fired shots at them, but no witness testified as to firing a shot or as to hearing a shot fired, or that there were officers present at the time.

There is no testimony in the case to show that the defendant at any time had any intoxicating liquor in his possession, either at Cheyenne, or at any time or place prior to the discovery of the liquor at Berks' farm, nor that he was at or upon the premises at or before that time.  Indeed, the testimony shows affirmatively that he was not there.  There is testimony to show that the defendant hired passage in an automobile to go from some point in Morgan County, later in the day, to his home in the city of Denver.  The only testimony as to any facts in the case tending to show any incrimination of the defendant in any respect is that he was in the city of Cheyenne the day preceeding the alleged tranportation of liquor, that he was in possession of a Buick automobile, that he was seen the next day riding with Berks in Morgan County in a Ford automobile, and afterward went from that county to his home in Denver; and also, testimony that his wife afterward claimed to be the owner of the Buick automobile in question.  These may be suspicious circumstances tending to indicate guilt, but certainly no stronger.  Just why the court permitted a conviction to stand or even permitted the case to go to the jury under the state of facts presented is not easily understood.

It seems that the defendant was not arrested until about thirty days after the warrant was issued, when he called up the sheriff at Fort Morgan from Denver, and asked if it was true that the sheriff had a warrant for him, and being answered in the affirmative, told the sheriff that he would

go to Fort Morgan that afternoon and submit to arrest, which he did. There is no testimony that in the meanwhile he had concealed himself, or had at any time been absent from the city or in any way attempted to evade arrest. But the court gave the following instruction: "The flight of a person immediately after a crime is committed with which he is charged, is a circumstance in establishing guilt, not sufficient in itself to establish guilt, but a circumstance which the jury may consider. The weight to which that circumstance is entitled is a matter for the jury to determine in connection with all the facts in the case."

In the absence of any testimony showing any attempt, effort or purpose on the part of the defendant to flee, this instruction was highly prejudicial and sufficient in itself to cause a reversal of the case.

In view of what has been said, it is not important to consider any other assignments of error.

The judgment is reversed.

Garrigues, C. J. and Denison, J. concur.