William Leon WALLACE, Appellant,

v.

John T. WILLINGHAM, Warden United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 8136.

United States Court of Appeals
Tenth Circuit.

Oct. 14, 1965.

William D. Neighbors, Boulder, Colo., for appellant.

Benjamin E. Franklin, Kansas City, Kan. (Newell A. George, Kansas City, Kan., was with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges

MURRAH, Chief Judge.

The trial court dismissed the petitioner's application for a writ of habeas corpus on the grounds that the exclusive remedy for his alleged illegal restraint was provided in Section 2255, 28 U.S.C.A. Appeal was allowed in forma pauperis and appointed counsel has advanced the rather novel argument that the prior unsuccessful proceedings under Section 2255 was "ineffective and inadequate" because the petitioner was not represented by counsel in those proceedings and the ancient writ is therefore available to test the cause of his restraint on the same grounds.

The facts are that on a plea of guilty in the Western District of Texas for violation of Section 2312, 18 U.S.C.A. (interstate transportation of a stolen vehicle) the petitioner was committed to the custody of the Attorney General for three years. Soon after his confinement, petitioner filed a motion under Section 2255 to vacate his sentence on seven different grounds, one being that he was without counsel at arraignment and sentence. About the same time, or soon thereafter, the petitioner also applied to the Court of the District of his confinement for a writ of habeas corpus. This petition was dismissed and an application for rehearing denied because of the adequacy of the remedy under Section 2255. Soon thereafter the sentencing court dismissed the 2255 petition without a hearing and the Court of Appeals for the Fifth Circuit denied leave to appeal in forma pauperis. About three months later this habeas corpus proceedings was commenced in the District of his confinement, alleging substantially the same grounds as in the prior 2255 proceedings.

The principal contention here, as in the sentencing court and the habeas corpus court, is that he was detained for a period of 110 days between his arrest and arraignment,[1] and that he was induced to plead guilty on the representation that he would receive one year instead of three; that he was denied the effective assistance of counsel, both at the time of his sentencing and in the subsequent 2255 proceedings. For the purpose of this proceeding, we will assume, without deciding, that he was denied his constitutional right to counsel in both proceedings. But even so, the remedy does not lie in this habeas corpus proceedings. Habeas corpus is not an additional, alternative or supplemental remedy. Nor is it available to review judgments in 2255 proceedings. Williams v. United States, 10 Cir., 323 F.2d 672. An asserted remedy under 2255 is not rendered inadequate or ineffective, even though it was erroneously withheld. Mills v. Hunter, 10 Cir., 204 F.2d 468.

Inasmuch as res judicata is not strictly applicable to 2255 judgments, i. e. see Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Barrett v. Hunter, 10 Cir., 180 F.2d 510,

1. See Letellier v. Taylor, Warden (10 C.A.), 348 F.2d 893, decided June 25, 1965.

515, 20 A.L.R.2d 965 the remedy provided under Section 2255 is yet available and adequate to test the cause of petitioner's restraint. The judgment of the trial court is affirmed.