**Wayne K. PATTERSON, Warden, Appellant,**

v.

**Charles Ansel HAMPTON, Appellee.**

**No. 8346.**

United States Court of Appeals Tenth Circuit.

Jan. 6, 1966.

James W. Creamer, Jr., Denver, Colo., for appellant.

Larry G. Cassil, Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment after full hearing in a habeas corpus proceedings in which the trial court held that the appellee had been deprived of his constitutional right to a sanity hearing touching his mental capacity to enter a guilty plea to a state charge of assault with intent to commit rape. The case was accordingly continued to permit the state to afford the petitioner a hearing

within sixty days. Upon failure to do so, the matter was to be reconsidered. The threshold question is whether petitioner had exhausted his state remedies under Rule 35(b), Colorado Rules of Criminal Procedure, which we have construed to be "substantially similar" to 28 U.S.C. § 2255. See Henry v. Tinsley, 10 Cir., 344 F.2d 109.

We are convinced that the Colorado rule is adequate, effective and available to test the question presented here; that petitioner did not avail himself of it and that the case must, therefore, be reversed and remanded with directions to dismiss without prejudice. See Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422.

The relevant facts are that upon the filing of the state charge of assault with intent to commit rape (Rev.Colo.Stat. 40–2–34) the accused was referred to the Colorado Psychiatric Hospital for examination and report touching his mental capacity. The report, apparently made available to the state and to the sentencing court, stated in effect that the accused knew right from wrong but was unable to control his sex behavior, making him dangerous to himself, his family and society, and that he would receive maximum benefit in an institutional setting.

When he appeared before the court on arraignment, represented by counsel, the court advised him that upon a plea of guilty he could be sentenced to imprisonment at the penitentiary for a term of years, to the reformatory for an indefinite term or to a state hospital or other institution for a period of one day to life under the Sex Offender Act of 1953, Rev.Colo.Stat. 39–19–1. A plea of guilty was entered through counsel, and the accused was again referred to the Colorado Psychiatric Hospital for a full and complete report prior to sentencing.

When he appeared for sentencing represented by counsel, the further psychiatric report from the state hospital reiterated the opinion " * * * that [the accused] is sane, but impulse ridden, and cannot control these needs. He is capable of violence and is considered by us as a dangerous individual and a probable candidate for either escape or suicide." No issue of mental capacity to enter the plea was formally raised, and the sentencing court thereupon accepted the plea of guilty without conducting a formal hearing concerning the accused's mental capacity to enter the plea. The court did specifically find in the language of the Sex Offender Statute that the accused " * * * if at large, constitutes a threat of bodily harm to members of the public * * * and is unquestionably ill". The court then proceeded to impose an indeterminate sentence of one day to life as provided by the Act. The accused was duly committed to the Colorado State Hospital, an institution apparently designated as suitable for sex offenders.

Several years later petitioner was transferred to the state penitentiary upon an executive order finding that he was a potential escapee and dangerous to be at large. He was classified as an inmate of the penitentiary. Sometime later appellee petitioned the state trial court for "discharge after restoration". He alleged he had been committed to the state hospital on a finding of "not guilty by reason of insanity" and that he had been transferred to the penitentiary and treated as a convict; that he had been restored to reason and should, therefore, be discharged from confinement. The motion was denied on the grounds that he had not been committed as an insane person and the provision of the law relating to discharge upon restoration to reason had no application.

Soon thereafter appellee again moved for relief under Rule 35(b), Colo.R.Crim. P. contending that the sentencing court was without jurisdiction to impose a sentence under the Sex Offender Act. The motion was denied on the grounds that " * * * the defendant was lawfully sentenced." Appellee did not seek review of the court's order by writ of error as provided by Rules 37 and 39, Colo.R.Crim.P., but filed this petition

in the District Court of Colorado for a writ of habeas corpus.

The handwritten petition raised several issues which prompted the trial court to issue an order to show cause and appoint counsel. The traverse to the Warden's response raised the following points: (1) that the guilty plea was accepted although he was informed of incorrect sentence alternatives; (2) that at the time petitioner was sentenced and judgment pronounced he was insane, or at least the judge had reasonable doubt of his sanity, in violation of Colo.Rev.Stat. 39–8–6, and that he was denied a jury trial on the issue of his sanity at the time of judgment and at the time of sentencing; (3) that the state of Colorado violated the spirit and the letter of the sentence in that the Executive Branch of the State Government increased the severity of the sentence without due process of law. At the outset the state challenged the jurisdiction of the trial court for failure of the appellee to exhaust his state remedies as required by 28 U.S.C. § 2254.

It seems to be agreed that the issue of appellee's mental capacity under 39–8–6 to enter a plea of guilty to the offense charged was not raised either by the court or appointed counsel and that the sentence was imposed under the Sex Offender Act on a finding based upon psychiatric reports to the effect that the appellee was sane, i. e. he knew the difference between right and wrong, but that he was mentally ill and was, therefore, a fit and proper person to be dealt with under the Sex Offender Act without a statutory determination of his mental capacity to enter the guilty plea. The trial court took the view that since the sentencing court " * * * was aware of the severe personality disorder as evidenced by the several reports * * *", it should have conducted a hearing on its own motion as provided in 39–8–6(3) " * * * to ascertain whether the defendant's condition permitted him to enter a plea of guilty and to be sentenced to a term of one year to life imprisonment"; that failure of the sentencing

judge to consider the mental capacity of the accused to enter an intelligent plea of guilty " * * * constituted a violation of procedural, if not substantive, due process."

The court proceeded on the premise that a person " * * * who is legally insane as defined in 39–8–1 through 6 must be committed under those sections and cannot be sentenced under the Sex Offender Act which assumes that the defendant is legally sane even though mentally ill." On this premise the court concluded that in view of the appellee's mental history, known to court and counsel, the sentencing court was under a duty to conduct a 39–8–6 hearing to determine appellee's mental capacity to enter the guilty plea, and that in the absence of such determination, the sentencing court was powerless to dispose of the accused on a plea of guilty under the provisions of the Sex Offender Act.

The Colorado state court has not had occasion to resolve the particular question posed and decided by the trial court, and the federal court should not undertake to resolve this important question if an adequate remedy is available in the Colorado courts, and the appellee is not foreclosed by res judicata. The Colorado courts have recently construed Rule 35(b), Colo.R.Crim.P. to confer jurisdiction upon the state courts to hear and determine the allegations which go to the "validity of petitioner's plea of guilty". See Stewart v. Tinsley, Colo., 403 P.2d 220. If the allegations set forth proper grounds for relief, " * * * the court must grant a prompt hearing". See Roberts v. People, Colo., 404 P.2d 848.

Inasmuch as appellee has not specifically raised in the Colorado court the identical question now presented as grounds for relief, it would seem that the remedy provided by 35(b) is available, i. e. Cf. Wallace v. Willingham, 10 Cir., 351 F.2d 299, and it must, of course, be exhausted as a prerequisite to cognizance by the federal court. See Barber v. Page, Warden, November 1965 Term, 10 Cir., 355 F.2d 171. The Attorney General has admitted in his brief and at the

bar of this court that the question is open and the remedy available in the state court under 35(b). It follows that appellee should be relegated to that court for the relief he seeks.

Judgment of the trial court is accordingly reversed.