Robert Louis CARROLL, Appellant,

v.

Sherman H. CROUSE, Warden, Appellee.

No. 8611.

United States Court of Appeals.
Tenth Circuit.

June 7, 1966.

Benjamin C. Langel, Wichita, Kan., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

HILL, Circuit Judge.

This case is here on appeal from the trial court's denial and dismissal without prejudice of appellant's petition for habeas corpus. While no finding was made concerning exhaustion of available state remedies, a review of the record reveals that state remedies have not been exhausted, 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Patterson v. Hampton, 10 Cir., 355 F.2d 470, and there is no showing that the available Kansas remedies are ineffective.

On January 13, 1964, appellant pleaded guilty in the District Court of Sedgwick County, Kansas, to second degree burglary and larceny. He was thereafter sentenced to not less than five nor more than ten years confinement on the burglary offense and not more than one [sic] nor more than five years for the larceny,[1] the sentences to run concurrently. Upon application of his attorney, he was immediately placed upon probation from the confinement for two years. No appeal was taken from the sentence or the probation conditions.

On May 5, 1964, appellant was again tried along with a codefendant in a different division of the same state court for the offenses of forging and uttering contrary to K.S.A. 21–608 and 609 and found guilty. The court then under the Kansas Habitual Criminal Act sentenced him to not less than twenty years confinement on the forgery offense and the same for the uttering; said sentences to run consecutively. Again, no appeal was taken. On May 8th, the State moved to have the probation on the burglary and larceny sentences terminated. The motion was granted and the probation revoked.

On July 2, 1965, appellant filed a motion under K.S.A. 60–1507 to vacate the forgery and uttering sentences. In his motion, appellant asserted fraudulent prosecution, lack of effective assistance of counsel and that the consecutive sentences he received were not authorized by K.S.A. 21–107(a). The motion was denied without a hearing. No appeal was taken to the Kansas Supreme Court from that determination.

On November 16th, 1965, appellant filed a petition for habeas corpus in the court below attacking not only the forgery and uttering convictions, but the earlier burglary and larceny convictions as well. We need not set forth the contentions made in that petition for it is clear appellant has not exhausted his remedies in Kansas as to any of them. While he did unsuccessfully seek post trial relief from the forgery and uttering convictions under K.S.A. 60–1507, no appeal has been taken from the sentencing court's denial of the relief. Furthermore, no showing is made that he has sought relief on the earlier larceny and burglary convictions. Under the circumstances, his petition below was premature.

Appellant may return to the sentencing court which imposed the sentences for larceny and burglary and attack those sentences there under K.S.A. 60–1507. Also, subject to the exclusiveness of that provision, he may seek habeas corpus in the district court, wherein he is confined, or to the Kansas Supreme Court.

Affirmed.

1. Whether or not this error in the journal entry has been corrected is not known. Presumably the court meant to impose a sentence of not less than one nor more than five, for five years is the maximum. K.S.A. 21–524.