No. 22190.

JOHN RICHARD GALLEGOS AND ALFRED DAVID COCA v. THE PEOPLE OF THE STATE OF COLORADO.
(444 P.2d 267)

Decided August 6, 1968.

Robert C. Cutter, for plaintiffs in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George E. DeRoos, Assistant, for defendant in error.

412

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE Rifle Hardware Store, Rifle, Colorado, was broken into during the night. Entry was gained by lifting a sky light on the roof of the building housing the store. Nothing was removed. However, several items of merchandise were moved from their place of display to the center of the store.

The police were summoned by the proprietor of an adjoining business, who heard footsteps on the common roof covering his business and the Rifle Hardware Store. The police arrested Defendant Coca and one Tommy Felix Herrera inside the store. Herrera pled guilty and is not involved in this writ of error. Defendant Gallegos was arrested on the roof of the building.

The defendants were charged with the crime of burglary. Counsel was appointed to represent both of them and each thereafter pled not guilty. Approximately five weeks later when the case was scheduled for a trial setting, counsel on behalf of the Defendant Coca only, moved the court for leave to add the plea of not guilty by reason of insanity "Primarily, at the time of the commission of the alleged offense, and also at the time of trial." The trial court denied this motion. Approximately six months thereafter, the case was tried and the jury found both defendants guilty. Each was sentenced to a term of not less than five years nor more than seven years. Several grounds are urged as a basis for reversible error.

I.

Defendants contend that the information filed against them was defective because it failed to inform them of the charges, and that the trial court erred in not dismissing the charges at the conclusion of the People's evidence on this ground.

██ ██ This contention of the defendants is without merit. The information adequately informs the defendants that they are charged with the crime of burglary. The information is not misleading or confusing and the wording of the charge could not be reasonably interpreted as a charge of larceny as the defendants argue. True, the charge does not include the word burglary, but it substantially follows the language of the burglary statute by alleging that the defendants

". . . then and there feloniously, wilfully, unlawfully and forceably did break and enter, and without force did enter, the building of . . . with the intent then and there to commit the crime of larceny . . . in violation of C.R.S. 1953, 40-3-6, as amended . . ."

The statute cited is the burglary statute now cited as C.R.S. 1963, 40-3-5. The charge of breaking and entering the store building with the intent to commit larceny therein constitutes the charge of burglary and not of larceny. *Walters v. People,* 166 Colo. 90, 441 P.2d 647.

██ The name of the crime need not be mentioned in an information, if the crime is adequately described therein. The language of this information adheres to the approved requirements of properly charging a crime. The information against these defendants apprises them clearly and properly that they were charged with the crime of burglary. An information is sufficient if it advises a defendant of the charge he is facing so that he can adequately defend against it. *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368. This court has also held that an information is sufficient if the charge is in the language of the statute. *Wright v. People,* 116 Colo. 306, 181 P.2d 447. However, an information need not follow the exact wording of the statute. *Cortez v. People,* 155 Colo. 318, 394 P.2d 346.

II.

██ The defendants maintain that the trial court erred in giving Instruction No. 11 on the law concerning an accomplice. This instruction was obviously intended by

the court as being relevant to Defendant Gallegos, who was arrested on the roof of the building at or about the time Defendant Coca and the other participant was arrested in the store. It is claimed there is no evidence to support this instruction, and that the evidence at best only tends to indicate that the Defendant Gallegos would be guilty of trespassing. We disagree. The facts as heretofore described, together with other evidence in the record, shows rather convincingly that Defendant Gallegos was participating and working with the Defendant Coca and the other participant to achieve a common purpose. Even in the absence of direct evidence of concerted action, the circumstances here would create a strong inference that Gallegos was an accomplice.

An accomplice or accessory instruction is applicable and proper where the evidence indicates that one of the defendants was standing by and was aiding, abetting or assisting in the perpetration of the crime. *Schreiner v. People,* 146 Colo. 19, 360 P.2d 443 and *Thompson v. People,* 139 Colo. 15, 336 P.2d 93.

III.

Next, the defendants argue that the trial court committed reversible error by giving Instruction No. 13 dealing with flight. This instruction, say the defendants, had the effect of singling out evidence for special consideration and that there was no evidence before the jury to support the instruction.

From our examination of the testimony with reference to flight, we hold that Instruction No. 13 was not improperly given. Defendant Gallegos, who was discovered on the roof of the building, upon being told by the police officer to stop, ran toward the front of the building, but it was too high to jump. He was then apprehended. Defendant Coca, prior to his arrest inside the store, attempted to hide by laying in a pipe rack at the "furthermost end of the building." We agree that particular portions of evidence should not be singled out and emphasized by special instructions, and where the

evidence does not warrant it, a special instruction of this nature is unfair and a basis for reversible error. See *Orin v. People,* 68 Colo. 1, 188 P.1114.

 On the other hand, where there is evidence of flight as a deliberate attempt to avoid detection and arrest, a flight instruction is proper. See *Trujillo v. People,* 151 Colo. 373, 377 P.2d 948, *Goldsberry v. People,* 149 Colo. 431, 369 P.2d 787 and *Mills v. People,* 146 Colo. 457, 362 P.2d 152. In our view, the evidence in this record falls within the ambit of the foregoing rule and thus, we hold that the court did not commit error in giving Instruction No. 13 on flight.

## IV.

On behalf of Defendant Coca, it is contended that the trial court exercised its discretion in an unreasonable and arbitrary manner in refusing to allow this defendant to enter the additional plea of not guilty by reason of insanity some five weeks after he pled not guilty and at a time when trial was not imminent. The case was actually tried approximately six months thereafter. C.R.S. 1963, 39-8-1 provides in part:

"(1) If one of the defenses of the defendant is insanity, it must be pleaded at the same time with other pleas, . . ." Colo. R. Crim. P. 11(b) provides in pertinent part as follows:

"The defense of insanity must be pleaded at the time of arraignment, except that the court for good cause shown may permit such plea to be entered at any time before trial . . ."

Defendant Coca when he entered the one plea of not guilty on arraignment was represented by the same counsel who later moved the court for entry of the additional plea of not guilty by reason of insanity. It is noted that different counsel is prosecuting this writ of error on behalf of both defendants.

At the time the oral motion was made to add the insanity plea, no reason or cause was shown to the court as to why Defendant Coca sought to add this plea. The

sparse motion was made and after a brief discussion between counsel and the court, it was denied. There was no offer of any facts, circumstances, or representations on behalf of this Defendant to show any basis or reason whatsoever for the entry of the insanity plea. In other words, no "good cause" was shown. Present counsel in no manner represents to us that the defendants' trial counsel did not ably and competently represent the defendant at each stage of the trial court proceedings.

C.R.S. 1963, 39-8-1 is construed liberally in favor of defendants. Colo. R. Crim. P. 11(b) is representative of the liberal construction which is adhered to in our case law. Where good cause is shown, it is incumbent on the trial court to allow changes of plea or additional pleas to accomplish the fair and just determination of criminal charges. Whether good cause is shown rests within the sound discretion of the trial court, and in the absence of a showing of an abuse of discretion by the trial court, this court will not disturb its ruling. *Gearhart v. People*, 113 Colo. 9, 154 P.2d 47 and *Abshier v. People*, 87 Colo. 507, 289 P. 1081.

As we view the record before us, we are inescapably drawn toward the conclusion that the denial of Defendant Coca's motion to add the insanity plea was proper. There was no abuse of the court's discretion, because the only logical answer for not presenting some grounds in support of the motion to add the insanity plea is that no "good cause" existed.

But it is contended on behalf of Defendant Coca that under the facts here, the trial court should have ordered a sanity investigation before it denied the motion, as was done in *Robbins v. People*, 142 Colo. 254, 350 P.2d 818. The facts of that case, however, and the problem encountered are clearly distinguishable. In *Robbins*, counsel for defendant presented the court with information indicating that the defendant was subject to epilepsy. This information was received by counsel and

presented to the court after the trial had commenced and the jury was sworn to try the issues but before any evidence was taken. The trial court ordered a recess, appointed a psychiatrist to examine defendant, and ordered an extensive examination of the defendant at Colorado General Hospital. Following a report indicating that the defendant was not subject to epilepsy and was not insane, the court ordered the trial to continue and denied defendant's motion for mistrial and entry of the additional plea of not guilty by reason of insanity. Defendant sought reversal claiming the court erred in not declaring a mistrial and in not permitting the insanity plea to enter with the consequent commitment and trial on the sanity issue. On review, the trial court's ruling was approved by this court which stated that the question of permitting the additional insanity plea rested within the sound discretion of the trial court, and that there was no showing of an abuse of this discretion. In *Robbins*, there was a showing made on behalf of the defendant and on this showing, investigation was ordered by the court. *Robbins* does not stand for the proposition, as implied by Defendant Coca, that anytime after arraignment when a defendant seeks to add the plea of insanity without any supporting grounds, the trial court is required to order investigation before denying the allowance of this plea.

Defendant also argues in effect that since the trial was not imminent, and since therefore, the allowance of the additional insanity plea would not delay court procedures, the trial court should have permitted the additional plea. Under these circumstances, a trial judge should certainly proceed with the utmost circumspection, but this does not mean that he should allow an insanity plea to be added without any showing whatsoever.

We hold that under the record before us, the trial court did not err in denying Defendant Coca's motion to add the insanity plea.

## V.

 The remaining assignments of error are without substance in presenting any basis for reversible error. Based on the record before us, the court did not commit error when it denied Defendant Coca's motion to dismiss the information on the ground that he was denied, in effect, the right to make bail of $1,000 because of certain alleged acts of the Parole Board. This record is totally insufficient to formulate any appraisal concerning the activities of the Parole Board in connection with this alleged error. Nor did the court err in refusing to grant Gallegos' motion for an acquittal on the grounds that the "evidence failed to prove any breaking and entering" and that it was not proven that there was "any connection between this defendant and the Defendant Alfred David Coca." As previously stated, the evidence produced at the trial was sufficient as to participation of Gallegos to allow the jury to make the determination of his guilt or innocence.

 Lastly, the trial court's amendment of the mittimus did not constitute any prejudicial error under the facts as shown in this record. The purpose of the amended mittimus was to change the original mittimus to conform to the record by showing that the jury found the defendants guilty of burglary rather than larceny which had been inadvertently inserted in the original mittimus. As to each defendant, the amended mittimus was executed by the court to replace the mittimus accompanying each of the defendants on their delivery to the penitentiary when they started serving their sentences. It did not change the date of the commencement of the sentence or modify the sentence of either defendant in any way, and therefore, the defendants were not prejudiced. See *Sexton v. People*, 143 Colo. 35, 351 P.2d 842.

The judgments are affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY not participating.