MR. JUSTICE GROVES
delivered the opinion of the Court.
The plaintiff in error (defendant) was convicted of possession of approximately 2 2/3 pounds of marijuana. From that conviction, he prosecutes this writ of error, claiming (1) that knowing possession was never proved sufficiently to either justify submitting the case to the jury or to support a guilty verdict, and (2) that it was error to deny his request to add an insanity plea on the morning of the trial. We affirm.
I.
A review of some of the evidence disposes of the first contention.
Pursuant to a search warrant, the home of defendant was searched while he was absent. Inside were found two plastic vials which contained traces of marijuana, a pipe bowl with marijuana residue in it, two types of cigarette paper, and a matchbook with the top half torn off. Expert testimony was given that marijuana cigarettes are usually made with the types of paper found, and that a holder for them is often made from the rolled-up half of a matchbook cover. The defendant was renting his residential premises. In the back yard was a doghouse which defendant had installed himself when he took possession. This doghouse had no floor. The search revealed that beneath one corner of the doghouse the corner of a serving tray was visible. The serving tray belonged to the Martinez family. Under the tray was buried a garbage can, which had been located by the back yard fence when the Martinez family moved in. This can contained a plastic bag, inside which was an “Oven-Joy” bread wrapper, which in turn contained 2 2/3 pounds of marijuana wrapped in *200 newspapers. An “Oven-Joy” bread wrapper was also found in defendant’s kitchen.
Another fact tending to show guilty knowledge and intent (and admitted purely for that purpose) was that defendant possessed a pipe containing burned and partially burned marijuana when arrested. Also, testimony was received of observation by police of known users of narcotics entering and leaving the Martinez home. There was other supporting evidence which we do not deem necessary to recapitulate. The burden of circumstantial proof in possession of marijuana cases was set out in Petty v. People, 167 Colo. 240, 447 P.2d 217 (1968):
“However, a conviction for possession may be predicated upon circumstantial evidence. Mickens v. People, 148 Colo. 237, 365 P.2d 679. A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. Duran v. People, 145 Colo. 563, 360 P.2d 132, Gonzales v. People, 128 Colo. 522, 264 P.2d 508. If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. See Annot., 91 A.L.R.2d 821-26. Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof. Gallegos v. People, 139 Colo. 166, 337 P.2d 961.
“However, where a person is in possession, but not exclusive possession, of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference.”
There were amply sufficient circumstances tending to buttress the inference that the marijuana was indeed in the possession of Martinez.
II.
 On the morning that the trial court was to commence, before selection of the jury, the following request was made in camera:
*201 “MR. KETTELKAMP: Your Honor, at this time the defendant has requested that I change his plea heretofore entered as not guilty, to not guilty and not guilty by reason of insanity at the time of the commission of the crime, and since. As grounds therefore, the defendant advises me that he’s disturbed, has been hearing voices and having visions, and he believes he needs psychiatric help. Is this correct, Mr. Martinez?
“THE DEFENDANT: Yes.”
Following argument, the court made the following ruling on the request:
“Let the record further show that the jurors on the current list are present today; that the matter is ready to be tried; and that the defendant at this late date has requested that he be permitted to enter a plea of not guilty by reason of insanity.
“The Court feels that the defendant did not enter a plea of not guilty by reason of insanity at the time he entered his plea of not guilty; that this morning he has failed to give the Court good cause for the Court to permit him to enter a plea of not guilty by reason of insanity; and since he has failed to show good cause, and since the matter is ready for trial and the parties hereto are all present, the defendant’s motion to enter a plea of not guilty by reason of insanity is denied.”
The defendant refers us to cases such as Gallegos v. People, 166 Colo. 409, 444 P.2d 267 (1968), in which we have recited that Colo. R. Crim. P. 11(b) (now Crim. P. 11(f)) and 1965 Perm. Supp., C.R.S. 1963, 39-8-1(1) are to be liberally construed in favor of defendants. The only proper courses for the trial court would have been, it is urged, either to order further professional inquiry before denying the request, as was done in Robbins v. People, 142 Colo. 254, 350 P.2d 818 (1960), or to grant the request.
Gallegos, supra, basically stands for the proposition that the trial court’s determination of lack of good cause shown will be affirmed unless there has been an abuse of discretion. Here, the trial court made a finding of failure of good cause. We conclude that there was no abuse of discretion.
*202 Judgment affirmed.
MR. JUSTICE HODGES not participating.
MR. JUSTICE ERICKSON concurs in the result.