## No. 26090

Carl Robert Taylor v. District Court in and for the Tenth Judicial District and the Honorable Matt J. Kikel, Chief Judge thereof

(514 P.2d 309)

Decided September 17, 1973.

.

Donald P. MacDonald, Leonard Waldbaum, for petitioner.

A. L. Herrmann, District Attorney, Nolan L. Brown, Deputy, Robert N. Miller, Deputy, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding. Petitioner Carl Robert Taylor is charged with murder and kidnapping. He originally entered pleas of not guilty to the charges and proceeded to trial with a co-defendant. After the commencement of that trial, Taylor was severed from the co-defendant for reasons not pertinent here, and was scheduled to be tried separately. Thereafter, he sought by motion to enter pleas of not guilty to the charges by reason of insanity. The trial court refused to accept these pleas. Thereupon, he filed a petition in this court for a writ in the nature of prohibition to require the trial court to accept his pleas of not guilty by reason of insanity. We issued a rule on the trial court to show cause why the relief requested should not be granted. A response has now been received, and after consideration of all the facts and the applicable law, we conclude that the trial court should accept Taylor's tendered pleas of not guilty by reason of insanity. We therefore make the rule absolute.

Crim. P. 11(f) provides: "The defense of insanity must be pleaded at the time of arraignment, except that the court for good cause shown may permit such plea to be entered at any time before trial . . .". C.R.S. 1963, 39-8-103(1), as amended and set forth in Sessions Laws of 1972, page 226, specifies that the defense of insanity may only be raised by a specific plea entered at the time of arraignment except that the court for good cause shown may permit such plea to be entered at any time prior to trial.

*Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968) establishes the guidelines which govern this case.

"C.R.S. 1963, 39-8-1 is construed liberally in favor of defendants. Colo. R. Crim. P. 11(b) is representative of the liberal construction which is adhered to in our case law. Where good cause is shown, it is incumbent on the trial court to allow changes of plea or additional pleas to accomplish the fair and just determination of criminal charges. Whether good cause is shown rests within the sound discretion of the trial court, and in the absence of a showing of an abuse of discretion by the trial court, this court will not disturb its ruling."

In *Gallegos,* we stated that the trial court should "proceed with the utmost circumspection" when entry of an insanity plea after the arraignment will not delay court procedures.

We adhere to the guidelines in *Gallegos.* The facts in this case are, however, distinguishable from *Gallegos.* In *Gallegos,* the trial court's denial of the motion to plead insanity defense after the date of arraignment was affirmed because the defendant made no offer of proof. "There was no offer of any facts, circumstances, or representations on behalf of this defendant to show any basis or reason whatsoever for the entry of the insanity plea." *Gallegos v. People, supra.*

■ Here, petitioner in his motion before the trial court alleges detailed reasons why the insanity defense was not raised at the arraignment. Prior to arraignment, counsel for petitioner had discussed the insanity defense with petitioner. Petitioner did not want to plead not guilty by reason of insanity and counsel agreed. However, on April 18, 1973, the date of the severance, petitioner disclosed new evidence to his counsel. This led counsel to the discovery of other evidence indicative of a foundation for insanity pleas. On the basis of this new knowledge, counsel again discussed the possibility of the insanity defense with petitioner. Petitioner then stated that he wanted to so plead. On the basis of this showing, we hold that the trial court acted arbitrarily in denying leave to plead the defense of insanity in this case. Accordingly, we direct that the trial court forthwith accept this defendant's tendered pleas of not guilty by reason of insanity.

Rule made absolute.
MR. JUSTICE KELLEY does not participate.