Opinion by
MR. JUSTICE KELLEY.
Defendant was convicted by a jury of possession of burglar tools contrary to C.R.S. 1963, 40-3-7. We affirm.
Defendant’s primary ground for reversal of his conviction is that the information charging him with the above offense did not state facts sufficient to constitute a crime under the statutes of Colorado. Defendant concedes that the evidence was sufficient to sustain the guilty verdict if the information is held to be adequate.
*368 The information in question reads as follows:
“STATE OF COLORADO )
COUNTY OF BOULDER )
Twentieth Judicial District in the Court
THE PEOPLE OF THE STATE )
OF COLORADO AGAINST ) POSSESSION OF
) BURGLAR TOOLS CHARLES JAMES GNOUT, ) C.R.S. 1963,40-3-7
Defendant. )
“STANLEY F. JOHNSON, District Attorney within and for the Twentieth Judicial District of the State of Colorado in the name and by the authority of the People of the State of Colorado, informs the Court, that on or about the 4th day of February, A. D., 1972, at the said county of Boulder in the State of Colorado, CHARLES JAMES GNOUT, JR., did unlawfully and feloniously have upon him a picklock, key and other instrument and tool, said Charles James Gnout, Jr., then and there having the intent to break and enter into a dwelling house, store, warehouse, shop or other building containing valuable property, and with the intent to steal goods and chattels therein.
contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado.
STANLEY F. JOHNSON
/s/ W. Douglas Watson District Attorney”
C.R.S. 1963, 40-3-7 provides:
“If any person shall be found having upon him or her any picklock, crow, key, bit, or other instrument or tool, with intent feloniously to break and enter into any dwelling house, store, warehouse, shop or other building containing valuable property, or shall be found in any of the aforesaid buildings with intent to steal any goods and chattels, every such person so offending shall, on conviction, be deemed a *369 vagrant, and punished by confinement in the penitentiary for a term not exceeding two years.”
It is well settled in Colorado that an information is sufficient if it informs the defendant of the charges against him so as to enable him to prepare a defense and plead the judgment in bar of any further prosecutions for the same offense. People v. Flanders, 183 Colo. 268, 516 P.2d 418; People v. Mazza, 182 Colo. 66, 511 P.2d 885 (1973); Loggins v. People, 178 Colo. 439, 498 P.2d 1146 (1972); Gallegos v. People, 166 Colo. 409, 444 P.2d 267 (1968). Measured by this standard, we hold that the information was sufficient.
Defendant also argues that C.R.S. 1963, 40-3-7, does not proscribe the possession of burglar tools, but is really a vagrancy statute. He bases this argument on the pre-1953 compilations of the Colorado statutes where the above section was included in offenses against public morality, health, police and peace, rather than the offenses against habitation and buildings. Thus, he argues the information above must have charged vagrancy rather than possession of burglar tools.
This argument is not persuasive; consequently, we do not accept it. C.R.S. 1963, 135-4-54(2) provides:
“The classification and arrangement by chapter, article and numbering systems of sections of Colorado Revised Statutes 1963, as well as the section headings and source notes, annotations, revisor notes and other editorial matter, form no part of the legislative text. Such inclusion is only for the purpose of convenience, orderly arrangement, and information, and therefore, no implication or presumption of a legislative constriction is to be drawn therefrom.”
The arrangement of section 40-3-7 in prior compilations is not controlling in construing the section; rather, we must look to the language of the statute itself. The language of C.R.S. 1963, 40-3-7 is explicit that the legislature proscribed the possession of burglar tools. The reference to vagrancy in the section is therefore mere surplusage and has no effect.
The judgment is affirmed.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES, and MR. JUSTICE ERICKSON concur.