## No. 26789

**Ricardo Alexander Ellis v. District Court in and for the Nineteenth Judicial District and the Honorable Hugh H. Arnold, Judge thereof**

(538 P.2d 107)

Decided July 14, 1975.

Pacheco and Auer, P.C., Donald N. Pacheco, Normando R. Pacheco, for petitioner.

The Honorable Hugh H. Arnold, pro se.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We issued a rule to show cause in response to a petition for a writ of prohibition which was filed on behalf of Ricardo Alexander Ellis. Ellis was charged with second-degree burglary (1971 Perm. Supp., C.R.S. 1963, 40-4-203)[1] and with theft (1971 Perm. Supp., C.R.S. 1963, 40-4-401).[2] Following a preliminary hearing, he was bound over for trial in the district court. He plead not guilty.

■ Six days prior to trial, defense counsel sought leave of court to enter an additional plea of not guilty by reason of insanity at the time of the alleged commission of the offense. Crim. P. 11(e) sets forth in unequivocal terms that the insanity defense must be interposed at the time of arraignment, except when the court, for good cause shown, permits the plea to be interposed prior to trial.

Defense counsel contends that the plea should be permitted because the basis for interposing the plea became known to him shortly before the good cause hearing. The insanity defense was predicated on a report by the Federal Bureau of Investigation which was voluntarily, although belatedly, provided to defense counsel by the district attorney. The report contained the fact that Ellis had been previously adjudged to be criminally insane and had been committed to the Colorado State Hospital.

The trial judge concluded that good cause had not been established for permitting the additional plea and declined to set a new trial date unless a psychiatric evaluation demonstrated that Ellis was criminally insane at the time the alleged offenses were committed. The trial court ordered a psychiatric examination, and a report was produced which expressed the opinion that Ellis was sane at the time the crimes were committed. After the report was submitted, the trial court denied Ellis the right to enter the additional plea of not guilty by reason of insanity.

The interpretation of "good cause" in Crim. P. 11(e) is the issue before us. The trial judge gauged his determination on whether the motion to enter an additional plea was frivolous or meritorious. If the frivolous or meritorious nature of the change of plea were the issue, the trial judge would be compelled to rule on the merits of the proffered defense and to make the factual determination that lies within the province of the jury. *United States v. Webster*, 468 F.2d 769 (9th Cir. 1972); *Gearhart v.*

---

[1]Now section 18-4-203, C.R.S. 1973.
[2]Now section 18-4-401, C.R.S. 1973.

*United States*, 272 F.2d 499 (D.C. Cir. 1959). Such an interpretation would deny a defendant the right to have the jury determine the insanity issue.

Crim. P. 11 must be construed liberally in favor of the accused. *Martinez v. People*, 179 Colo. 197, 499 P.2d 611 (1972); *Gallegos v. People*, 166 Colo. 409, 444 P.2d 267 (1968). In our view, good cause is shown when it is demonstrated that fairness and justice are best subserved by permitting the additional plea. *United States v. Giuliano*, 348 F.2d 217 (2nd Cir. 1965); *Everett v. United States*, 336 F.2d 979 (D.C. Cir. 1964).

The standard outlined in this opinion is satisfied if the petitioner establishes that the plea was not entered at the time of arraignment due to "mistake, ignorance, or inadvertence." *People v. Beck*, 188 Cal. App.2d 549, 10 Cal.Rptr. 396 (1961), *citing People v. Griffin*, 100 Cal.App.2d 546, 224 P.2d 47 (1950) (construing a California statute which allows withdrawal of a guilty plea upon a showing of good cause); *People v. McDowell*, 204 Cal.App.2d 734, 22 Cal.Rptr. 646 (1962). *See Hampton v. Tinsley*, 240 F.Supp. 213 (D. Colo. 1965), rev'd on other grounds, 355 F.2d 470 (10th Cir. 1966), requiring the trial judge to conduct a hearing to determine whether the defendant had sufficient mental capacity to enter a plea once the court is put on notice of a past mental disorder.

In our view, on the facts presented in this case, there was an abuse of discretion. The motion to enter the plea of not guilty by reason of insanity should have been granted. The trial court is directed to allow petitioner to enter a plea of not guilty by reason of insanity.

The rule to show cause is, therefore, made absolute.