The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Esmerejildo Garcia **GARZA**, a/k/a Jesus Valdez, Defendant-Appellant.

No. 78–370.

Colorado Court of Appeals, Div. III.

June 14, 1979.

Rehearing Denied July 5, 1979.

Certiorari Granted Sept. 10, 1979.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Bryan D. Shaha, Deputy State Public Defender, Greeley, for defendant-appellant.

RULAND, Judge.

Defendant, Esmerejildo Garcia Garza, appeals his conviction of second-degree assault and sentence under the violent sentencing act on the ground that the trial court erred in denying him the right to enter a plea of insanity after arraignment. We affirm, Colo., 612 P.2d 85.

The relevant facts are not disputed. Defendant, who was represented by counsel throughout these proceedings, waived a preliminary hearing and pled not guilty to the assault charge on February 8, 1978. At that time trial was set for March 22. The violent sentencing charges were added on March 16. On March 15 defendant moved for a continuance of the trial date based on newspaper publicity resulting from his alleged escape from the county jail. This motion was denied. Thereafter, on March 17, defendant moved to change his not guilty plea to not guilty by reason of insanity. Defense counsel argued that a change of plea was justified because of the apparent unprovoked nature of the assault, the manner of defendant's subsequent escape from the county jail, and the fact that he had concealed his identity and his prior criminal record from defense counsel until he was apprehended after the escape. Counsel also relied on defendant's statement to him on March 16 that he had "some mental problems." The trial court ruled that these grounds were insufficient to meet the good cause requirement for a change of plea set forth in § 16–8–103(1), C.R.S.1973, and Crim.P. 11(e)(1), and as defined in *Ellis v. District Court*, 189 Colo. 123, 538 P.2d 107 (1975).

In *Ellis*, the court held that "good cause is shown when it is demonstrated that fairness and justice are best subserved by permitting the additional plea," and that this standard is satisfied upon a showing that the plea was not entered due to defendant's mistake, inadvertence, or ignorance. Here, as distinguished from *Ellis*, the record does not reveal any history of prior mental disorders. In addition, defendant has made no attempt to establish that he did not disclose his real name, prior criminal record, or his alleged mental problems due to mistake, inadvertence, or ignorance. Thus, we view this case as most analogous to *Martinez v. People*, 179 Colo. 197, 499 P.2d 611 (1972) where our Supreme Court found no abuse of discretion by the trial court in refusing to accept a plea of not guilty by reason of insanity. Finally, its conclusion that allowance of the insanity plea under the circumstances would subject the criminal justice system to "manipulation" does not, contrary to defendant's contention, constitute a determination of the merits of the proffered defense as proscribed in *Ellis v. District Court, supra.*

Judgment affirmed.

PIERCE and KELLY, JJ., concur.