## No. 79SC237

**Esmerejildo Garcia Garza a/k/a Jesus Valdez v. The People of the State of Colorado**

(612 P.2d 85)

Decided June 9, 1980.

J. Gregory Walta, State Public Defender, Craig Truman, Chief Deputy, Bryan D. Shaha, Special Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Kathleen M. Bowers, Assistant Attorney General, Appellate Section, for respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the court of appeals decision in *People v. Garza,* 44 Colo. App. 393, 612 P.2d 1139 (1979), which affirmed the trial court's refusal to permit the defendant to change his plea from not guilty to not guilty by reason of insanity five days prior to the date scheduled for his trial. We affirm.

The defendant, Esmerejildo Garcia Garza, was arrested on January 8, 1978. At the time of the arrest, Garza told the police that his name was Jesus Valdez. On February 8, 1978, Garza waived a preliminary hearing and pled not guilty to a charge of second-degree assault. Trial was set for March 22, 1978. On March 11, 1978, Garza escaped from the Weld County jail where he was being held pending trial. Following his apprehension, he revealed that his true name was Esmerejildo Garcia Garza. A police check revealed that Garza had a long criminal record and was wanted by Texas authorities on various felony charges. Garza had also hidden his identity and his past criminal record from his attorney. Subsequent to his escape, Garza told his attorney he felt he had "some mental problems." On March 17, 1978, Garza moved to change his plea to not guilty by reason of insanity at the time of the alleged commission of the offense. The trial judge, in our opinion, correctly ruled that good cause to change the plea had not been established and he denied the defense motion.

Where a defendant seeks to enter a plea of not guilty by reason of insanity, section 16-8-103(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8) provides, in part: "The defense of insanity may only be raised by a specific plea entered at the time of arraignment; except that the court for good cause shown may permit the plea to be entered at any time prior to trial." *See* Crim. P. 11(e)(1).

■ In *Ellis v. District Court*, 189 Colo. 123, 538 P.2d 107 (1975), we held that "good cause is shown when it is demonstrated that fairness and justice are best subserved by permitting the additional plea." The standard is satisfied upon petitioner's showing that, at the time of arraignment, the plea was entered due to "mistake, ignorance, or inadvertence." *Ellis, supra*. Ultimately, however, the question of good cause is one addressed to the sound discretion of the trial judge and, absent a clear abuse of discretion, the trial judge's ruling will not be disturbed on appeal. *Taylor v. District Court*, 182 Colo. 406, 514 P.2d 309 (1973); *Martinez v. People*, 179 Colo. 197, 499 P.2d 611 (1972); *Gallegos v. People*, 166 Colo. 409, 444 P.2d 267 (1968).

■ The record does not show an abuse of discretion by the trial court. Although defense counsel forcefully argues that he has demonstrated good cause through his showing that Garza lied to him about his real identity and his past criminal record, and said that he has some mental problems, he did not establish good cause. *Martinez, supra*. In our view, a more compelling case was presented in *Ellis* where the defense counsel learned after the defendant's arraignment that his client had been adjudicated criminally insane in previous proceedings.[1]

Accordingly, the court of appeals decision is affirmed.

JUSTICE LEE does not participate.

---

[1] In the instant case the defendant refused the trial court's offer to appoint a psychiatrist to conduct a psychiatric examination of the defendant. Although we note that a defendant is not entitled to a psychiatric examination as a matter of right, *Gallegos, supra*, the trial court is not without discretion and in some cases the results obtained from such an examination may be helpful to the court in determining whether the petitioner has established good cause for the entry of a plea of not guilty by reason of insanity.