The **PEOPLE of the State of Colorado,**
Plaintiff-Appellee,

v.

**David Louis REED,**
Defendant-Appellant.

No. 82CA0553.

Colorado Court of Appeals,
Div. III.

Oct. 11, 1984.

Rehearings Denied Nov. 15, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

David Louis Reed appeals the judgment of conviction entered upon a jury verdict finding him guilty of attempted first degree murder, first degree assault, second degree kidnapping, felony menacing, and a mandatory sentence for violent crime. His principal contention is that the court abused its discretion when it denied his motion to enter a plea of not guilty by reason of insanity after his arraignment. We agree and, therefore, reverse.

After defendant was arrested, he was assigned counsel from the public defender's office. That attorney represented him when he entered a plea of not guilty at his arraignment. A few weeks later the court received a letter written by defendant which was essentially a request for substitute counsel. Defendant alleged that counsel was neglecting his case.

Soon afterwards defendant's attorney moved to withdraw the public defender's office as counsel of record. However, at the hearing on that motion, another deputy public defender appeared for defendant, and withdrew the motion. Defendant's attorney stated that prior counsel had been terminated by the public defender's office because of "problems with clients," including defendant.

At that time, defendant's new counsel requested the court's permission to enter a plea of not guilty by reason of insanity. He stated that his investigation had revealed medical records and other facts which led him to believe a plea of not guilty by reason of insanity was appropriate, and that his belief was bolstered by a psychiatrist's report which he had obtained. He offered to allow the court to examine that report *ex parte;* however, he did not tender the report to the prosecution, as he had not yet decided whether that evidence would be used at trial.

The court denied defendant's motion, stating:

"I think that if [the psychiatrist's report] were a report that would substantiate that plea, you would bring it forward, and I think in a case like this, if there's a feeling that there should be a not guilty by reason of insanity plea, then that report should be provided so that we know what we're doing."

Defendant contends that the court abused its discretion when it denied his motion to enter, after arraignment, a plea of not guilty by reason of insanity. Under the circumstances here, we agree.

Section 16–8–103(1), C.R.S. (1978 Repl.Vol. 8) provides that "[t]he defense of insanity may only be raised by a specific plea entered at the time of arraignment; except that the court for good cause shown may permit the plea to be entered at any time prior to trial." *See also* Crim.P. 11(e). The question of good cause is addressed to the sound discretion of the trial court. *Garza v. People,* 200 Colo. 62, 612 P.2d 85 (1980). However, the court is required to construe the statute liberally in favor of the defendant. *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968). Good cause is shown when the defendant establishes that the plea was not entered at arraignment because of mistake, ignorance, or inadvertence, and that fairness and justice will best be served by permitting the addi-

tional plea. *Ellis v. District Court,* 189 Colo. 123, 538 P.2d 107 (1975).

■ In denying defendant's motion to change his plea, the trial court relied heavily on defendant's reluctance to supply the psychiatrist's report to the prosecution. Without examining that report or determining when it was available to the defense, the court concluded that it had failed to establish a question with respect to defendant's sanity. However, once a defendant has shown that the insanity plea is tendered in good faith, the court's inquiry must be focused on the reason for the delay in entering the plea, rather than the potential merits of the insanity defense. *See Ellis v. District Court, supra.*

■ Here, defendant stated that he failed timely to enter the plea because of difficulties he had with his attorney which eventually led to new counsel being assigned to represent him. The record supports defendant's allegation and further shows that substitute counsel moved to enter the plea at the first hearing after he was convinced that he had a good faith basis for it. Under these circumstances, we conclude that the trial court abused its discretion in denying defendant's motion to enter a plea of not guilty by reason of insanity.

Defendant's other contentions do not raise reversible error, and we decline to address them.

The judgment is reversed and the cause is remanded to the trial court with directions to accept defendant's plea of not guilty by reason of insanity, and for a trial on that issue. Should defendant be found sane, the judgment of conviction shall be reinstated.

BERMAN and METZGER, JJ., concur.