No. 15,509.

GEARHART v. THE PEOPLE.
(154 P. [2d] 47)

Decided December 4, 1944.

Mr. O. Otto Moore, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. James S. Henderson, Assistant, for the people.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

A motion for permission to withdraw a plea of guilty on a charge of felony, previously made, was denied.

It appears that January 10, 1944, a criminal information containing two counts was filed in the district court, the first count charging defendant with grand larceny, the second, with buying and receiving the property mentioned in the first count, knowing the same to have been stolen; that January 12, 1944, defendant appeared personally and by counsel, and, being arraigned, pleaded not guilty; that February 2, 1944, defendant, accompanied by his counsel, again appeared and withdrew his plea of not guilty generally, and, upon rearraignment pleaded guilty to the first count of the information, and, after the court had explained the effects and consequences of that plea, persisted therein; that thereupon "certain evidence is adduced to corroborate said plea;" that February 25, 1944, defendant, attended by different counsel, came into court, and by verified motion asked that his "plea of guilty heretofore entered * * * be vacated and set aside, and that a plea of not guilty * * * be entered;" that February 26, 1944, the court, after hearing argument of counsel, denied said motion, following which, sentence, conformably to applicable statutory provisions, was imposed.

█ Whether, in furtherance of a defendant's immediate desire to plead not guilty, he may withdraw a plea of guilty, previously entered, "is within the sound discretion of the trial court." 16 C.J., p. 396, §728, approvingly quoted in *Abshier v. People,* 87 Colo. 507, 524, 289 Pac. 1081, 1088. The discretion thus reposed in the court "should be exercised liberally in favor of life and liberty," but "where it is plain that substantial justice will not be promoted, or the substantial rights of defendant prejudiced, the application for leave to withdraw the plea should be denied." *Abshier v. People,* and 16 C.J., p. 396, §728, supra.

The limit to our inquiry is comprehended in the question, Was there an abuse of discretion? Defendant is of mature age, and, so far as appears, is mentally and physically normal. While at various stages of the case he was represented by different attorneys, we note that throughout the proceedings he has enjoyed the services of able and experienced counsel. It is not claimed, nor is it within reasonable conception, that at any stage of the litigation he proceeded other than in consonnance with the advice of counsel given in the light of full knowledge of the facts, or that consequences necessarily to attend a plea of guilty were unknown to him. Indeed, as we have seen, the court did not accept defendant's plea of guilty until it had fully advised him of its effects and consequences; notwithstanding which, he persisted therein. Also, as above noted, evidence was presented in corroboration of the charge to which he had pleaded guilty. It is not claimed that duress or intimidation from any source, attended or influenced his decision to enter a plea of guilty, neither is there in the record any indication that such plea was other than understandingly voluntary. We are not convinced that the trial court abused its discretion in denying the motion for change of plea.

Let the judgment be affirmed.