No. 21228.

MARK WAYNE HUTTON *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(398 P.2d 973)

Decided February 8, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

AT defendant's arraignment on a charge of robbery of the Maxwell Food Store in Colorado Springs, the trial court, after fully and duly advising him of his several rights, accepted his plea of guilty. He was charged with the perpetration of such robbery while armed with a dangerous weapon with intent, if resisted, to kill, maim or wound the victim, a type of robbery sometimes called "aggravated robbery."

Later, and at an appointed time, evidence concerning the crime was received. In the course of the evidence, a confession was admitted, and from it the trial court was advised that the defendant had used a "chrome starter pistol" in the effectuation of the robbery.

Shortly before the completion of the presentence report, defendant sought to withdraw his plea of guilty to the accusation of "aggravated" robbery, apparently desiring to substitute for such plea another plea, i.e., one of guilty to simple robbery. In explanation, the defendant told the trial court, "I am guilty but because at the time I was brought in here I was shook up and not aware of what I was pleading to, but there is information that you probably received on this that I would certainly like to change my plea on this."

At the hearing on the presentence report, the defendant requested appointment of counsel and permission to withdraw his plea, inasmuch as he was then convinced that he was guilty only of simple robbery. He told the trial court, "I didn't have a real gun and therefore I

couldn't shoot or maim these people that I did hold up. That is all I have to say."

Defendant's request for leave to withdraw his plea of guilty to the charge of "aggravated" robbery was denied. Sentence followed. It was determined that he was guilty of "aggravated" robbery and he was ordered imprisoned in the penitentiary for a term of not less than ten years nor more than fourteen years. A subsequent motion to vacate the judgment, pursuant to Rule 35 (b), Colo. R. Crim. P., availed the defendant nothing. He now seeks reversal by writ of error.

 C.R.S. '53, 40-5-1, in pertinent part provides that:

"Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by *force* or *intimidation*. Every defendant found guilty of robbery, except as hereinafter provided, shall be punished by confinement in the penitentiary for a term of not less than one nor more than fourteen years. Every defendant found guilty of robbery shall be confined in the penitentiary for a term of not less than two years, or for life.

"(1) If in the perpetration of such robbery he is armed with a *dangerous weapon with intent, if resisted, to kill, maim or wound the person robbed* or any other person." (Emphasis supplied.)

██ This portion of the statute was the subject of inquiry in *Funk v. People*, 90 Colo. 167, 7 P.2d 823. An illuminative opinion emerged. It was held that sequentially it must be determined: (1) Was a robbery committed? and (2) If so determined, was the defendant, in the commission of the robbery, armed with a dangerous weapon with intent, if resisted, to kill, maim or wound the victim? Being dangerously armed and having the intent described are not essential to the perpetration of a robbery, but proof thereof "go to the degree of the crime,

and affect only the punishment to be suffered in event of conviction."

From a reading of the record in this case, it becomes evident that defendant recognized his guilt of robbery, but that he was guilty of "aggravated" robbery was to him another matter. He would have changed his plea of guilty and put in issue whether he was armed at the time of the robbery with a dangerous weapon with intent, if resisted, to kill, main or wound another.

■■ A dangerous weapon is an article of offense which in its intended or easily adaptable use is likely to produce death or serious bodily injury. *Parman v. Lemmon,* 119 Kan. 323, 244 Pac. 227, 44 A.L.R. 1500; *Farby v. State,* 23 Okla. Crim. 215, 213 Pac. 910; *Village of Barboursville ex rel. v. Taylor,* 115 W. Va. 4, 174 S.E. 485, 92 A.L.R. 1093.

■■ But whether an article used as a weapon is dangerous may be, because of its very character or the circumstances of its use, a matter of doubt, and in such case the question should be left to the jury under an instruction as to what constitutes a dangerous weapon. *People v. Coleman,* 53 Cal. App. 2d 18, 127 P.2d 309; *People v. Ward,* 84 Cal. App. 2d 357, 190 P.2d 972; *State v. Yturaspe,* 22 Idaho 360, 125 Pac. 802; *State v. Rector,* 328 Mo. 669, 40 S.W.2d 639. See *Territory v. Gomez,* 14 Ariz. 139, 125 Pac. 702, 42 L.R.A.N.S. 975. Thus, a simulated pistol, not per se dangerous, may become so factually because of its substance, size and weight as a bludgeon wielded within striking distance of the person to be robbed. *People v. Ward, supra.*

What should the trial court have done when it was advised that the weapon used in the robbery was not dangerous per se? What, in turn, should be done about the matter of "intent, if resisted, to kill, main or wound" the person to be robbed? Should the trial court treat these problems as fact questions, and if so, in what manner? These questions called for the exercise of the sound

discretion of the trial court. *Champion v. People,* 124 Colo. 253, 236 P.2d 127.

In the exercise of this discretion, trial courts should be ever mindful of certain principles which light the course they should pursue. Their consideration by the trial court in this case would have prompted it to conduct a hearing in order to determine whether to grant the application to withdraw the plea of guilty. We enumerate:

1. The discretion reposed in trial courts respecting the withdrawal of pleas of guilty "should be exercised liberally in favor of life and liberty." *Abshier v. People,* 87 Colo. 507, 289 Pac. 1081; *Gearhart v. People,* 113 Colo. 9, 154 P.2d 47.

2. Courts in the exercise of such discretion "should permit the withdrawal of the plea where it appears that there is doubt of the guilt of the accused." *Champion v. People, supra.* This would be equally applicable to a case where, as here, the degree of the offense is shrouded in doubt.

3. Generally, the withdrawal of the plea of guilty "should not be denied in any case where it is in the *least evident* that the ends of justice will be subserved by permitting not guilty to be pleaded in its place." (Emphasis supplied.) *Champion v. People, supra.*

4. Misapprehension of what constitutes the offense with which one is charged would ordinarily move the court to permit the withdrawal of his plea of guilty. *Champion v. People, supra.*

Courts are sometimes confronted with situations involving withdrawals of pleas of guilty where it may be necessary to have a hearing in which evidence will be received in order to ascertain how their discretion shall be exercised. In view of the circumstances of this case such hearing should have been had in order for the trial court to discern the course it should have taken in the exercise of its judicial discretion.

The judgment is reversed with directions to proceed in accordance with this opinion.

MR. JUSTICE MOORE not participating.