No. 23369.

THEODORE F. BURMAN *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(472 P.2d 121)

Decided July 13, 1970.

CHRIS J. DIAMOND, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS is a proceeding under Colo. R. Crim. P. 35(b). The district court denied the requested relief. We reverse.

On December 29, 1959, the defendant and two others

robbed a person of approximately $150. During the robbery the defendant was holding an unloaded sawed-off shotgun. The defendant and his associates were charged with aggravated robbery. Without having any contact with an attorney, the three were arraigned on January 6, 1960, and each entered a plea of guilty.

At the arraignment the court advised that all were "charged with the crime of robbery, and the Information alleges Robbery with a Dangerous Weapon." The court asked the defendant whether he intended to be represented by an attorney and the defendant replied, "I don't know." The court then advised the three that they were entitled to counsel and that, if they did not have funds, the court would appoint counsel. The court then stated, "Understanding that, gentlemen, do you want counsel or are you ready to be arraigned?" The defendant answered, "I guess I might as well be, your Honor." The charge was not read to the defendant nor were its contents summarized. The court handed the defendant a copy of the information and the list of jurors and stated: "You stand before this court charged with aggravated robbery. What do you say to this charge, are you guilty or not guilty?" The defendant said, "guilty." Later the court advised those charged of the minimum and maximum sentences for the offense of aggravated robbery; and the court asked the defendant whether he understood his right to counsel and whether he persisted in his plea. The defendant answered in the affirmative. In answer to the court's inquiry, the defendant stated that he wished to file an application for probation. The court continued the matter until February 8, 1960.

When the matter was next before the court, it first considered the defendant's application for probation. At the commencement of the hearing a representative of the probation department stated to the court that in his interviews with the defendant he found that the defendant wished an opportunity to make a statement relative to counsel and his plea. The court permitted the

defendant to make his statement, which was as follows: "Your Honor, I thought I possibly should withdraw the plea of guilty to aggravated robbery, for the reason that, at the time, I committed no violence; I had no intentions of it, no intent to commit any violence. As it is, that gun was unloaded. That was the point, of course; it was unloaded.

"I did commit the crime, though. I am aware of that. I thought possibly I should plead guilty to the charge of robbery, and I did."

At the time the defendant was 23 years of age and had not been previously charged with a felony. The court stated that the defendant had entered a plea of guilty to the charge of aggravated robbery and also found that defendant had waived his right to counsel and understood the charge to which he entered his plea. The court denied defendant's request to withdraw his plea of guilty to the charge of aggravated robbery, denied his application for probation and imposed a sentence of not less than five years nor more than fifteen years in the penitentiary. The defendant commenced serving his sentence immediately.

The hearing upon the Rule 35(b) petition was held in 1967 before the same judge who conducted the proceedings in 1960. The defendant then testified: that shortly following his arrest he inquired of his custodial officers concerning the possibility of having counsel; that the officers inquired whether he was going to plead guilty and he replied that he was going to enter such a plea; that the officers stated to him that customarily the court appointed counsel only in cases in which a not guilty plea was to be entered; that he did not have opportunity to digest the contents of the information handed to him at the time of the arraignment until after he was returned to jail following his plea of guilty; that he then first fully realized that he had pleaded guilty to a charge, among other things, of having the intent, if resisted, to maim, wound or kill; and that,

the gun being unloaded, he had no such intent. There was no testimony to the contrary. The court set aside the sentence and stated that the plea of guilty would remain but that the court would re-sentence the defendant for simple robbery instead of aggravated robbery. The defendant was then sentenced to a term of five to fourteen years, and given credit for time already served.

The defendant fully served his sentence and was released from the penitentiary prior to oral argument here.

The defendant's request to withdraw his plea of guilty was made prior to the adoption of the Colorado Rules of Criminal Procedure and, therefore, Colo. R. Crim. P. 11(a) was not in effect. It would seem that Rule 11(a) was an expression of the law as it already existed. Be that as it may, we consider this matter independently of the Rules of Criminal Procedure.

■■■ It is a familiar rule that the withdrawal of a plea of guilty is addressed to the sound discretion of the trial court. *Lucero v. People,* 164 Colo. 247, 434 P.2d 128. However, as was stated in *Champion v. People,* 124 Colo. 253, 236 P.2d 127 (1951),

"the withdrawal of a plea of guilty should not be denied in any case where it is the least evident that the ends of justice would be subserved by permitting not guilty to be pleaded in its place."

See *Gearhart v. People,* 113 Colo. 9, 154 P.2d 47.

■ The defendant acknowledged his participation in the robbery. The difference between simple robbery and aggravated robbery is something which might not quickly be comprehended by a person 23 years of age, who had only a tenth grade education, who had not been charged with a previous felony and who was not even permitted to read the information before being asked to plead. This man, who did not have counsel until seven years following his request to withdraw his plea, was entitled to his day in court on the question of the specific intent involved in aggravated robbery. See *Hutton v. People,* 156 Colo. 334, 398 P.2d 973. We hold that it was an abuse of

discretion for the court under these circumstances to deny withdrawal of the plea.

■ Re-sentencing the defendant seven years later to substantially the same term for *simple* robbery did not remedy the violation of the defendant's right to have a determination in 1960 of whether or not he was guilty "as charged." In fact, the doubt in the court's mind in 1967 as to whether the defendant had the specific intent required for the offense of aggravated robbery fortifies the conclusion that the defendant should have been permitted a trial at least as to that question. The amended judgment and sentence in 1967 stated that the defendant had entered a plea of guilty "as charged." At that time the charge remained aggravated robbery even though the court stated that the amended sentence was for simple robbery.

The defendant also has argued that he did not effectively waive his constitutional right to counsel. In the light of our resolution of the first issue presented, we do not consider the other one.

The judgment is reversed and the cause remanded with the direction that the defendant be permitted to withdraw his plea of guilty to the charge in the information and to plead again thereto, with such further proceedings as may seem meet.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.