## No. 27101

**The People of the State of Colorado v. The District Court, Juvenile Division of the Fifth Judicial District, and the Honorable Charles R. Casey, one of the Judges thereof; and the District Court, Juvenile Division, of the Twentieth Judicial District, and the Honorable Horace B. Holmes, one of the Judges thereof**

(549 P.2d 1317)

Decided May 24, 1976.                    Rehearing denied June 14, 1976.

Edwin F. Moats, Assistant District Attorney, for petitioner.

Stitt, Wittenbrink and Roan, P.C., Richard M. Borchers, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding wherein the petitioner seeks relief from orders of the respondent district court of the fifth judicial district. We issued our rule to show cause and now make the rule absolute.

On July 16, 1975, a petition of delinquency was filed in the juvenile division of the Lake County District Court, alleging Duane Charles Kibel to be a delinquent child. He was charged with sexual assault in the first degree, section 18-3-402, C.R.S. 1973 (1975 Supp.), an offense which would, if committed by an adult, be a class two felony. The alleged rape took place in Lake County. An amended petition was later filed, charging the additional offense of first-degree kidnapping, section 18-3-301, C.R.S. 1973, in which the person kidnapped suffered bodily injury, a class one felony.

On July 29, 1975, petitioner moved that district court to transfer jurisdiction to the criminal side of the court. Argument was heard on this motion on December 12, 1975, and the matter was continued to January

25, 1976, for the further hearing and decision on the motion for transfer.

Also on December 12, 1975, Kibel moved for a change of venue to the respondent district court of Boulder County. This was done after consultation with the Boulder district attorney's office and with the respondent district judge of the twentieth judicial district, both having apparently offered to consolidate all pending juvenile charges against Kibel in the juvenile division of Boulder County District Court. Hearing on this motion was also set for January 26, 1976.

On that date, the court denied the motion to transfer the case to the criminal side of the Lake County District Court and granted the motion to change venue to the Boulder County District Court, juvenile division.

Petitioner thereupon brought this original proceeding in the nature of mandamus, and on February 5, 1976, we issued our rule to show cause why the relief demanded should not be granted.

## I.

▮ Respondents argue that the rule should be discharged as improvidently issued, on the ground that this matter should be handled as an appeal, rather than as an original proceeding, *cf. People, Int. of G.A.T.*, 183 Colo. 111, 515 P.2d 104. We do not agree. We have examined the issues of jurisdiction, venue, and abuse of discretion presented by this matter in its present posture, and conclude that the rule to show cause was properly issued.

## II.

▮ We agree with petitioner's contention that the court acted in excess of its jurisdiction in denying petitioner's motion to transfer the case to the criminal side of the court. Section 19-1-104(4)(b)(I).

That section provides:

"(b) A child may be charged with the commission of a felony only after the hearing as provided in paragraph (a) of this subsection (4), or when the child is:

"(I) Alleged to have committed a crime of violence defined by section 18-1-105, C.R.S. 1973, as a class 1 felony, and is fourteen years of age or older * * *."

Here, the amended petition in delinquency alleged such a crime of violence, constituting a class 1 felony. The district attorney, had he chosen to do so, could have initially filed a direct information charging Kibel with first-degree kidnapping under the foregoing section. The proceedings against Kibel, however, were initiated in the juvenile side of the Lake County District Court. When the district attorney thereafter elected to amend the petition to include the first-degree kidnapping charge, the court was without authority to deny the motion to transfer the case to the criminal side of the court.

▮ It is clear that the design of the statute is to permit the juvenile court, in case of a less serious felony, to determine in a transfer hearing

whether, in the best interests of the accused juvenile, the case should be transferred to the criminal side of the court, section 19-1-104(4)(a); but in those circumstances where a more serious felony is charged, as set forth in subsections (4)(b)(I), (II) and (III), no such discretion lies in the court to retain the case in the juvenile side of the court when the district attorney elects to have the case transferred for trial as a criminal action.

The court here, as a matter of course, should have transferred the case to the criminal side of the court upon the district attorney's motion.

III.

Petitioner also contends that the respondent district court, having denied the motion to transfer, acted arbitrarily and capriciously, and abused its discretion, in granting the change of venue to the juvenile division of Boulder County District Court. We agree.

District courts acting in juvenile matters are governed by the Children's Code. The relevant statute is section 19-1-105(1)(b), C.R.S. 1973 (1975 Supp.):

" * * * Proceedings in [delinquency cases] shall be commenced in the county in which the alleged violation of law * * * took place. When the court in which [the delinquency] petition was filed * * * is in a county other than where the child resides, such court shall immediately notify the court in the county where the child resides of said petition and may change venue to the county of residence of the child * * * for good cause, if the county of residence of the child so requests within ten days after notification * * *."

Pursuant to the mandate of this section, the district court of Lake County gave prompt notice to the district court of Jefferson County, wherein Kibel resides. That latter court declined to request a change of venue.

In the posture of this case, there is no statutory authority for transfer of a juvenile case to a county which is neither the county where the offense occurred nor the county of the accused juvenile's residence. Section 19-1-105(1)(b) specifically states that the delinquency action *shall* be commenced in the county where the violation occurred, and then goes on to provide a precise procedure by which venue *may* be changed to the county of the child's residence.

We decline to engraft on the statute additional provisions authorizing a change of venue when the general assembly has so clearly spoken on the matter.

The rule is made absolute, with directions to the district court of Lake County for further proceedings consonant with the views expressed herein.

MR. JUSTICE KELLEY does not participate.