910 P.2d 684 (1996)
J.D.C., Petitioner,
v.
THE DISTRICT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT OF THE STATE OF COLORADO, and Jack F. Smith, one of the Judges thereof, Respondents.
No. 95SA377.
Supreme Court of Colorado, En Banc.
February 12, 1996.
*685 Isaacson, Rosenbaum, Woods & Levy, P.C., Gary Lozow, Richard K. Kornfeld, Denver, for Petitioner.
Robert R. Gallagher, Jr., District Attorney, Eighteenth Judicial District, Pamela Gorden, Chief Deputy District Attorney, James C. Sell, Chief Deputy District Attorney, Christine N. Chauche, Deputy District Attorney, Englewood, for Respondents.
Chief Justice VOLLACK delivered the Opinion of the Court.
In this original proceeding,[1] J.D.C., a juvenile, petitioned this court to issue to the Arapahoe County District Court a rule to show cause for allowing the criminal division of the district court to exercise jurisdiction over the juvenile petitioner. We directed the district court to show cause why the relief requested by the petitioneran order dismissing the action in the criminal division of that court and returning this case to the juvenile division of the court for a transfer hearingshould not be granted. The juvenile division of the Arapahoe County District Court dismissed the juvenile petition against J.D.C. on the grounds that it lacked the discretion to prevent the district attorney from directly filing this case in the criminal division of that court.
We hold that the district attorney may not directly file this case in the criminal division of the district court because he initially filed *686 an information containing the identical charges against J.D.C. in the juvenile division of the district court, where a transfer hearing was pending pursuant to section 19-2-806, 8B C.R.S. (1995 Supp.). We therefore make the rule absolute.

I.
On August 8, 1995, the district attorney filed a delinquency petition against J.D.C., a seventeen-year-old, in the juvenile division of the Arapahoe County District Court (hereinafter referred to as "juvenile court") charging him with vehicular homicide, vehicular assault, driving under the influence of drugs, and careless driving involving death.[2] In this filing, the district attorney included a transfer count, in which the district attorney requested that the case be transferred to the criminal division of the Arapahoe County District Court (hereinafter referred to as "district court"), pursuant to section 19-2-806.
On August 23, 1995, the juvenile court set the transfer hearing for November 9, 1995. Prior to the transfer hearing, on November 7, 1995, the district attorney directly filed an information in the district court containing the identical charges against J.D.C. that he had previously filed in the juvenile court. On November 9, 1995, the parties appeared before the juvenile court for the scheduled transfer hearing. The district attorney informed the juvenile court of the direct filing in the district court and moved to dismiss the juvenile petition. On November 15, 1995, the juvenile court held a hearing on the district attorney's motion to dismiss the juvenile petition, and held that the juvenile court was without discretion to prevent the district attorney from directly filing the case in the district court. J.D.C. then petitioned this court pursuant to C.A.R. 21 and we issued the rule to show cause.

II.
J.D.C. contends that the district attorney may not directly file this case in the district court because section 19-2-806 of the Colorado Children's Code requires a transfer hearing before the district court may have jurisdiction over J.D.C. We agree. Section 19-2-806(1)(a), 8B C.R.S. (1995 Supp.), states:
When a petition filed in juvenile court alleges a juvenile fourteen years of age or older to be a juvenile delinquent by virtue of having committed a delinquent act which constitutes a felony and if, after investigation and a hearing, the juvenile court finds it would be contrary to the best interests of the juvenile or of the public to retain jurisdiction, it may enter an order certifying the juvenile to be held for criminal proceedings in the district court.
This statute further provides that "[a] petition may be transferred from the juvenile court to the district court only after a hearing as provided in this section." § 19-2-806(1)(b), 8B C.R.S. (1995 Supp.) (emphasis added). This provision then lists fourteen factors that a juvenile court must consider at a transfer hearing in deciding whether to waive its jurisdiction over the juvenile. § 19-2-806(3)(b)(I)-(XIV), 8B C.R.S. (1995 Supp.).
It is well settled that appellate courts should give effect to legislative intent and not impute their own meaning to otherwise clear statutory language. People v. White, 870 P.2d 424, 445 (Colo.), cert. denied, ___ U.S. ___, 115 S.Ct. 127, 130 L.Ed.2d 71 (1994); People v. Schuett, 833 P.2d 44, 47 (Colo.1992). To discern legislative intent, a court should look first to the statutory language, People v. Warner, 801 P.2d 1187, 1190 (Colo.1990), and give statutory words and phrases effect according to their plain and ordinary meaning, People v. District Court, 713 P.2d 918, 921 (Colo.1986).
According to the plain language of section 19-2-806, once a juvenile petition is filed in juvenile court, the only proper method for transferring the case to the district court is a transfer hearing before the juvenile court. Nowhere in the statute is there a provision *687 that allows a prosecutor to refile identical charges in district court as those filed in juvenile court after having requested a transfer hearing in juvenile court. By including the terms "when" and "only" in section 19-2-806, the legislature manifested its intent that a prosecutor, having exercised his or her prosecutorial discretion to file charges in juvenile court, cannot later try to avoid the transfer hearing by directly filing the same charges in district court.
Moreover, section 19-2-102(1)(b), 8B C.R.S. (1995 Supp.), provides that "the juvenile court shall have exclusive original jurisdiction in proceedings concerning any juvenile to which section 19-2-806 applies." This jurisdictional provision of the Colorado Children's Code makes clear that once a district attorney files a case in juvenile court and requests a transfer hearing, the juvenile court obtains exclusive original jurisdiction over the juvenile.
In the case before us, J.D.C. is seventeen years of age and thus a child covered by the Colorado Children's Code. § 19-1-103(4), 8B C.R.S. (1995 Supp.). We nevertheless recognize that Colorado law has long allowed certain juvenile offenders to be charged as adults at the discretion of the prosecuting attorney. See, e.g., People v. Thorpe, 641 P.2d 935 (Colo.1982). However, in the present case, the district attorney exercised his prosecutorial discretion by electing to file a juvenile petition in the juvenile court, thereby triggering the statutory scheme which requires a transfer hearing in order to move the case to district court. The plain language of section 19-2-806 indicates that once a petition is filed in juvenile court, the juvenile court obtains sole jurisdiction, which it may only surrender to the district court after a hearing as set forth in the statute. Consequently, after filing a petition in the juvenile court, the district attorney cannot later shift forums without providing J.D.C. an opportunity to contest the transfer to the district court at a transfer hearing in the juvenile court.
The juvenile court relied on People v. District Court, 191 Colo. 28, 549 P.2d 1317 (1976), in deciding that it lacked the discretion to prevent the district attorney from directly filing this case in district court. Such reliance is misplaced because People v. District Court is distinguishable from the current case. In People v. District Court, the district attorney initially filed a petition in juvenile court charging the juvenile with a class 2 felony, a charge which would have required a transfer hearing in juvenile court in order to transfer the case to district court. The district attorney later amended the petition to add an additional charge of a class 1 felony. We held in People v. District Court that when the district attorney elected to amend the petition to include a class 1 felony, the juvenile court was without discretion to deny the motion to transfer the case to the criminal division of the district court. 191 Colo. at 30-31, 549 P.2d at 1319. The statute at the time we decided People v. District Court provided that the district attorney could file directly in the district court when charging a juvenile with a class 1 felony.
In the current case, the district attorney elected to file charges against J.D.C. in juvenile court, then filed the identical charges in district court. Unlike the situation in People v. District Court, the district attorney here did not amend the charges filed against the juvenile.[3] When charges filed in juvenile court are identical to charges to be filed in district court, the matter cannot be transferred from juvenile court to district court absent a transfer hearing, as required by section 19-2-806. Consequently, in the absence of a transfer hearing, the district attorney in this case cannot directly file in district court the identical charges which he initially filed in juvenile court.

III.
The district court also asserts that it could not prevent the district attorney from directly filing in the criminal division the charges against J.D.C. because J.D.C. is alleged *688 to have used a deadly weapon during the commission of a felony. Section 19-2-805(1)(a)(II)(C), 8B C.R.S. (1995 Supp.), provides:
(1)(a) A juvenile may be charged by the direct filing of an information in the district court or by indictment only when:
....
(II) The juvenile is fourteen years of age or older and:
....
(C) Is alleged to have used, or possessed and threatened the use of, a deadly weapon during the commission of felony offenses against the person....
A "deadly weapon" is defined as:
any of the following which in the manner it is used or intended to be used is capable of producing death or serious bodily injury:
(I) A firearm, whether loaded or unloaded;
(II) A knife;
(III) A bludgeon; or
(IV) Any other weapon, device, instrument, material, or substance, whether animate or inanimate.
§ 18-1-901(3)(e), 8B C.R.S. (1986). This statutory definition prescribes the test to determine whether items other than firearms, knives, and bludgeons constitute deadly weapons, based not on the intrinsic nature of the items, but upon their use or intended use. Bowers v. People, 617 P.2d 560 (Colo. 1980).
Certain weapons by their very design and make are so lethal in nature that, as a matter of law, they are deadly weapons. Grass v. People, 172 Colo. 223, 228-29, 471 P.2d 602, 605 (1970). Other instruments or things, though not deadly weapons per se, may be within the meaning of the statutory definition of deadly weapons depending upon the nature of the instrument and the manner in which the instrument is used. Id. Whether an article is a deadly weapon may be a matter of doubt because of the article's very character or the circumstances of its use, and in such case the question should be left to the jury under an instruction as to what constitutes a deadly weapon. Hutton v. People, 156 Colo. 334, 338, 398 P.2d 973, 975 (1965). Therefore, whether the automobile involved in this case is a "deadly weapon" for purposes of section 19-2-805 is a factual question to be determined at an evidentiary hearing by a factfinder. The district attorney thus cannot avoid the transfer hearing and directly file the charges against J.D.C. in district court.

IV.
We hold that the district court erred in dismissing the juvenile petition. We therefore make the rule absolute, with directions to dismiss the action in the criminal division and return this case to the juvenile division for a transfer hearing.
NOTES
[1] Pursuant to C.A.R. 21(a), original proceedings arise when the petitioner seeks from the Supreme Court relief in the nature of prohibition where the district court is proceeding without or in excess of its jurisdiction.
[2] These charges were filed pursuant to § 18-3-106, 8B C.R.S. (1995 Supp.) (classified as a class 3 felony); § 18-3-205(1)(b), 8B C.R.S. (1995 Supp.) (classified as a class 4 felony); § 42-4-1301(1)(a), 17 C.R.S. (1995 Supp.) (classified as a misdemeanor); and § 42-4-1402, 17 C.R.S. (1995 Supp.) (classified as a class 1 misdemeanor), respectively.
[3] When the district attorney filed these charges against J.D.C. in juvenile court, he knew or should have known that these charges were available and that he could have directly filed them in district court. Thus, the district attorney will be bound by his exercise of prosecutorial discretion.