**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER R. SALEH,

> Petitioner - Appellant,

v.

GEORGE DUNBAR; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

> Respondents - Appellees.

No. 10-1099

(D. Colorado)

(D.C. No. 1:09-CV-02070-ZLW)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

This is a *pro se* appeal from the denial of 28 U.S.C. § 2254 relief. The

petitioner was convicted in Colorado state court, following a jury trial, of second-

degree assault and was sentenced to thirty-two years' imprisonment as a habitual

offender. The Colorado Court of Appeals reversed, *People v. Saleh,* 25 P.3d 1248

(Colo. Ct. App. 2000), but the Colorado Supreme Court reversed the Court of

Appeals and reinstated the conviction, *People v. Saleh,* 45 P.3d 1272 (Colo.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2002).  Petitioner did not seek review in the United States Supreme Court.  A subsequent state motion for post-judgment relief was filed on February 16, 2005, and was denied on appeal on December 18, 2008.

In his § 2254 petition, the petitioner alleged that he was denied his right to due process by the Colorado Supreme Court in his direct criminal appeal proceedings, that the evidence was insufficient to support his conviction, that trial counsel was ineffective, and that his Sixth Amendment rights were denied when he was denied counsel at sentencing.  The district court denied the petition because it was untimely.  The court concluded that the state post-conviction proceedings did not toll the time to file the § 2254 petition.

The district court also denied the petitioner's request for a certificate of appealability and application to proceed *in forma pauperis* on appeal.  The petitioner now requests a certificate of appealability and permission to proceed *ifp* from this court.

After reviewing the petitioner's filings on appeal and the trial court's thorough and extensive order, we conclude that the petitioner has not shown that reasonable jurists would debate whether the district court was correct in denying the petition as untimely.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We therefore **DENY** the application for a certificate of appealability and **DISMISS** this appeal.  The application to proceed *ifp* is also **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge