No. 23703.

Roy Perez, a/k/a Roy Nemiso Perez, and John Doe *v.*
The People of the State of Colorado.
(491 P.2d 969)

Decided December 20, 1971.

506

John R. Naylor, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

Mitchel B. Johns, District Judge,* delivered the opinion of the Court.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

A JURY found defendant Perez guilty of burglary., By writ of error, he urges several grounds for reversal of his conviction. Briefly stated, the material facts are as follows.

On October 7, 1967, at approximately 5:30 a.m., the janitor at a Pueblo tavern discovered and reported to the police that an unauthorized person was hiding in the premises. The two policemen that responded to the call discovered that a safe and a coin box had been broken into. The defendant was found hiding in the closet of an unocccupied room above the tavern. After being advised of his rights, the defendant was taken downstairs and confronted with the evidence against him. Officer Prado questioned the defendant on the spot and elicited admissions of guilt from him. The defendant was then taken to the police station. The defendant refused to sign an advisement of rights form after it was read and shown to him, but he did make further admissions of guilt to Prado and Captain Jones. Testimony concerning his oral confessions and the advisement form itself were introduced into evidence at trial over defendant's objections.

One day before his trial was to begin, the defendant moved that a plea of not guilty by reason of insanity at the time of the commission of the alleged offense be added. This motion was denied.

I.

The defendant argues that the trial court improperly allowed the testimony concerning his oral admissions and the advisement form to be introduced into evidence because it violated his constitutional rights. We agree that the dictates of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 were not complied with in this case and we therefore reverse defendant's conviction. The record indicates that this case suffers from the same infirmity in the *Miranda* warning as discussed in *People v. Vigil*, 175 Colo. 373, 489 P.2d 588. "The warnings given in the instant case fall short of the requirements in *Miranda* * * * * [H]e was not informed

that if he desired to have an attorney present but could not afford one, one would be appointed for him without charge."

 Although the foregoing compels reversal of this conviction, we note that there was an additional problem which we should comment upon. The decision of the United States Supreme Court in *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 and the decisions of this court in *Compton v. People,* 166 Colo. 419, 444 P.2d 263 and *Whitman v. People,* 170 Colo. 189, 460 P.2d 767, require the trial court to make a determination of the admissibility of a confession, which entails a determination of the propriety of the *Miranda* warning, outside of the presence of the jury at an *in camera* hearing. The trial court herein acted improperly in allowing the jury to hear and observe the proceedings on this issue without first making an *in camera* determination of propriety and admissibility. Upon retrial of the defendant, the court should first make these determinations before allowing the testimony to go before the jury.

## II.

 In the event of a retrial, we must comment upon defendant's other two assignments of error in order to obviate the necessity for another appeal at a later date. Defendant's second assignment of error is that the trial court erred in refusing to allow the defendant to add the plea of not guilty by reason of insanity. The recent case of *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 is dispositive of this question. In that case, we said that "Where good cause is shown, it is incumbent upon the trial court to allow changes of plea or additional pleas to accomplish the fair and just determination of criminal charges. Whether good cause is shown rests within the sound discretion of the trial court, and in the absence of a showing of an abuse of discretion by the trial court, this court will not disturb its ruling. *Gearhart v. People,* 113 Colo. 9, 154 P.2d 47 and *Abshier v. People,* 87 Colo. 507, 289 P. 1081."

The proceedings in the trial court relative to this matter do not demonstrate a clear abuse of discretion.

### III.

██ Defendant's third assignment of error is that the information was defective, since the People were allowed "to use the theft statute as the ulterior crime required to be named in a burglary charge since the crime of theft is itself vague, for it is in effect a combination of offenses." In other words, in charging burglary, the information did not describe the nature of the intended theft when defendant broke and entered the premises.

This assignment of error is without merit. An information is sufficient if it advises the accused of the charge he is facing so that he can adequately defend against it, and an information is likewise sufficient if the charge is in the language of the statute, although the exact wording of the statute need not be followed. *Gallegos v. People, supra.* The information herein meets those requirements,

The judgment is reversed and the cause remanded for a new trial in accordance with the views expressed herein.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON not participating.