**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Jose Luis SORIA–GARCIA,
Defendant–Appellee.**

No. 91–2025.

United States Court of Appeals,
Tenth Circuit.

Oct. 22, 1991.

Presiliano A. Torrez, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellant.

Richard C. Cauble, Las Cruces, N.M., for defendant-appellee.

Before BALDOCK, EBEL, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a two-count indictment Jose Luis Soria–Garcia (Soria) was charged in the first count with unlawfully importing less than fifty kilograms of marijuana, a Schedule I controlled substance, into the United States of America from the Republic of Mexico, in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1) and (b)(4). In the second count, Soria was charged with unlawfully possessing with an intent to distribute less than fifty kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D).

Prior to trial, Soria, pursuant to Fed. R.Crim.P. 12(b)(3) and 41(f), moved to suppress the use at trial of the marijuana taken in a search of his vehicle, and, also, to suppress the use at trial of his post-arrest statements to special agents of the United States Customs Service (Customs). After an evidentiary hearing, the district court denied Soria's motion insofar as it sought to suppress the use at trial of the marijuana taken from his automobile, but granted that part of the motion which sought to suppress the use at trial of his post-arrest statements to the special agents of Customs. Pursuant to 18 U.S.C. § 3731, the government appeals the latter ruling.

At the evidentiary hearing on Soria's motion to suppress, the government called three witnesses, Frankie Renteria, an inspector for Customs, and Winn Kapping and Bart Skelton, both special agents for Customs. Soria did not himself testify, nor did he call any witnesses. Without going into unnecessary detail, Soria was stopped by Inspector Renteria at a border checkpoint near Columbus, New Mexico, as he was entering the United States from Mexi-

co. A search of the automobile Soria was driving disclosed twenty-five pounds of marijuana. Special agents of Customs were called in, and they testified that they thereafter questioned Soria in the presence of Inspector Renteria. All testified that Soria spoke no English and that a *Miranda* warning was read to him in Spanish and that he then signed the printed form, which was also in Spanish. Skelton went on to testify that Soria thereafter stated, in Spanish, that he had purchased the marijuana in Mexico and was going to his home in Fresno, California, where he proposed to sell the marijuana.

As indicated, the district court denied Soria's motion to suppress the use at trial of the marijuana seized in a search of his automobile. Accordingly, we are not concerned with that ruling in the present appeal.

As stated, Customs agents read a *Miranda* warning form to Soria which was in Spanish. Translated into English by one of the agents who testified at the hearing on the motion to suppress, that form reads as follows:

> You have the right to remain silent. Anything you say can be used against you in a court of law or in any other criminal procedure [sic]. You have the right to speak with a lawyer and to have him present with you during questioning—or present with you while you're being questioned. *If you don't have the money to employ a lawyer one will be appointed to you before answering any questions, if you so decide.* If you decide to answer questions now without a lawyer present, you still have the right to remain silent. You also have the right to stop the questioning at any time if you would like to speak with a lawyer. I have read this declaration of my rights and I understand all of it. (emphasis added).

The motion to suppress Soria's post-arrest statements was based on counsel's belief that Soria's statements were not voluntary, citing *Tague v. Louisiana,* 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980),

and *Orozco v. Texas,* 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969).

■ As we understand it, the district court did not reach the question of voluntariness and found, *sua sponte,* that the printed form, the contents of which were read to Soria and to which he had affixed his signature, was deficient because it did not in so many words advise Soria of his right to an attorney "at no cost" to himself. In this connection, the district court asked his court interpreter to translate into English the portion of the warning given Soria which we have above underlined, and his translation thereof was as follows:

> If you do not have the money to employ an attorney, one can be obtained for you before we ask you any questions, if you so desire.

In suppressing Soria's post-arrest statements given Customs agents, the district court opined as follows:

> What I'm going to do in this case, I'm going to suppress the statement. I'm going to suppress the statement based upon an inadequate advice of his *Miranda* rights, based upon our discussion here, and based upon my interpretation and Mr. Pena's [the court interpreter's] interpretation of his part of the exhibit, Government's Exhibit Number 1. I feel that it is less than clear, and it's ambiguous as to what a—at least some defendants, and particularly a defendant who's—well, I don't know the situation of this defendant, he may be a graduate of some law school or whatever—but I think that one would have to read into this, imply into this *that the lawyer is going to be appointed to him at no cost.* And I don't think that defendants, particularly along the border, defendants who don't speak or understand English and are—at least so many of the ones, the majority of the ones that come in before my court are persons of minimal or no education. So based upon that, I'm going to suppress the statements. (emphasis added).

At the evidentiary hearing on Soria's motion to suppress, the government offered as exhibit number 1 the printed *Miranda*

warning, in Spanish, which was read to Soria and to which he affixed his signature. It was received without objection. The English translation of the *Miranda* warning given in Spanish, which was a part of the record before the district court, has been set forth above. Contained therein was the statement that "[i]f you don't have the money to employ a lawyer one will be appointed to you before answering any questions, if you so decide...."

■ We do not regard the court interpreter's translation of that particular language to be much different. He translated that particular language from the Spanish into English as follows: "[If] you do not have the money to employ an attorney, one can be obtained for you before we ask you any questions, if you so desire." The flaw that the district court perceived in apparently both translations was that the *Miranda* warning did not contain a statement that an attorney would be given Soria "at no cost" to him. We believe the district court was overly exacting and that the thrust of the warning, regardless of which translation is used, is that if Soria had no money to employ a lawyer, and he desired one, one would be afforded him. We reject counsel's suggestion that the warning, as given, left open the possibility that Soria would be "billed later." [1]

In *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), the Supreme Court stated that a person in custody must be warned in advance of any questioning of his right to remain silent, that any statement he did make could be used as evidence against him, and that he had a right to the presence of an attorney, "either retained or appointed." To apprise a person fully, he must be warned "not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him.... The warning of a right to counsel would be hollow if not couched in terms that would convey to the indigent ... that he too has a right to have counsel present." The Court in *Miranda* recognized the FBI practice of informing a person that he has a right to free counsel if he is unable to pay and suggested that such practice might be emulated by state and local law enforcement agencies. The Court, however, stopped short of mandating precise language, instead requiring the warnings only in the absence of a "fully effective equivalent." The Supreme Court went on to state in *Miranda* that if so warned, the person could thereafter waive those rights, "provided the waiver is made voluntarily, knowingly and intelligently." *Id.* at 444, 86 S.Ct. at 1612.

In *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140–41, 89 L.Ed.2d 410 (1986), the Supreme Court, observing that the *Miranda* inquiry has two "dimensions," commented as follows:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

As previously indicated, we are not here concerned with whether Soria's waiver was voluntarily and intelligently made. Rather, we are concerned with whether he was

---

1. We regard our standard of review to be *de novo*. The district judge in reality made no "findings of fact" which could be reviewed under a clearly erroneous standard. The district judge did state that based on his experience other defendants in other criminal proceedings if given the *Miranda* warning given Soria would not have known that if they had no money to employ an attorney one would be appointed "at no cost." Such, however, is just an observation and not a true finding of fact. As stated, Soria himself did not testify in the hearing on the motion to suppress. Accordingly, for all we know, Soria knew that if he did not have money to employ an attorney, and one was appointed to represent him, that such would be "at no cost" nor would he be "billed later."

adequately advised of his rights. In this regard, it is undisputed that he was advised of his right to remain silent, and that if he chose to make a statement, what he might say could be used as evidence against him in a criminal proceeding. Further, regardless of the translation used, Soria was advised that if he didn't have "money to employ an attorney," he would have one either "appointed," according to the translation by the Customs agent, or "one would be obtained for you before we ask you any questions," according to the translation of the court interpreter. The warning given Soria clearly indicates that if Soria had no money to hire an attorney one would be either "appointed" or "obtained" before any questioning. The "at no cost" language might be desirable, but, under the circumstances, such is not necessary in order that there be a full advisement of Soria's rights. In support of the foregoing, *see Chambers v. Lockhart,* 872 F.2d 274 (8th Cir.1989), *cert. denied,* 493 U.S. 938, 110 S.Ct. 335, 107 L.Ed.2d 324 (1989).[2]

*Duckworth v. Eagan,* 492 U.S. 195, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989), sheds light on the present case. There a defendant in a state criminal proceeding was advised of his right to talk to a lawyer before answering any questions, and was further advised that an attorney would be appointed for him "if and when you go to court." In reversing the Seventh Circuit Court of Appeals and holding that such advisement did comply with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602 (1966), the Supreme Court opined as follows:

> Reviewing courts therefore need not examine *Miranda* warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably "conve[y] to [a suspect] his rights as required by *Miranda.*" *Prysock, supra,* 453 U.S. [355],

at 361[, 101 S.Ct. 2806 at 2810, 69 L.Ed.2d 696].

*Duckworth,* 492 U.S. at 203, 109 S.Ct. at 2880.

The warning in the present case "reasonably conveyed" to Soria his various constitutional rights as required by *Miranda.*[3]

The order of the district court suppressing the use at trial of Soria's post-arrest statement to the Customs agents is vacated, and the case is remanded for further proceedings.

---

**2.** State courts which have addressed this issue likewise have found warnings adequate despite the lack of "no cost" language. *See Smith v. State,* 292 Ark. 162, 729 S.W.2d 5 (1987); *Commonwealth v. Marsh,* 440 Pa. 590, 271 A.2d 481 (1970); *State v. Hutton,* 57 Wash.App. 537, 789 P.2d 778 (1990). *But see Perez v. People,* 176 Colo. 505, 491 P.2d 969 (1971).

**3.** For illustrative cases where a *Miranda* warning has been given, at least in part, in a language other than English, *see United States v. Yunis,* 859 F.2d 953 (D.C.Cir.1988), Arabic; *United States v. Boon San Chong,* 829 F.2d 1572 (11th Cir.1987), Chinese; *Perri v. Director, Department of Corrections, State of Illinois,* 817 F.2d 448 (7th Cir.1987), Italian; and *United States v. Gonzales,* 749 F.2d 1329 (9th Cir.1984), Spanish.