The STATE of Ohio, Appellee,

v.

RAMIREZ–GARCIA, Appellant.

[Cite as *State v. Ramirez–Garcia* (2001), 141 Ohio App.3d 185.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–01–010.

Decided Feb. 20, 2001.

*Robin N. Piper III*, Butler County Prosecuting Attorney, and *Patrick G. Moeller*, Assistant Prosecuting Attorney, for appellee.

*Repper & Powers*, and *Christopher J. Pagan*, for appellant.

WALSH, Judge.

Defendant-appellant Manuel Ramirez Garcia appeals his Butler County conviction for murder, with a firearms specification. The judgment of the trial court is affirmed.

Appellant is a Mexican national whose primary language is Spanish. However, appellant has lived in the United States for more than a year and has at least a working knowledge of conversational English.

On June 26, 1999, appellant was arrested by the Hamilton police for the murder of Juan Hernandez. While being transported to the Hamilton Police Department, appellant told the transporting officer, in English, "I had to kill the fucker" and "I'll show you the gun ... a 380." Once at the station, two city of Hamilton police detectives attempted to interrogate appellant but wanted to be sure that he had understood the *Miranda* warnings that they had provided to him in both written and verbal English. They provided appellant with a copy of the *Miranda* warnings printed in Spanish, but appellant indicated that he could not read them. Appellant did indicate, in English, that he understood that he had the right to an attorney and that what he said could be used against him if he were prosecuted for the crime.

The detectives summoned Nohelia Miesse to translate for appellant. Miesse is fluent in Spanish and teaches conversational Spanish at Miami University. She was born in Nicaragua and lived there until she was twelve, when her family moved to Los Angeles, California. She continued speaking Spanish at home while she was growing up.

After a detective read appellant his *Miranda* rights word-for-word, Miesse translated the rights into Spanish for appellant. When asked if he understood the rights and if he was relinquishing them, appellant answered affirmatively in both English and Spanish. The detectives then interrogated appellant with

Miesse interpreting. Appellant often answered in English before Miesse could translate the questions into Spanish.

Appellant was subsequently indicted for murder. Appellant filed a motion to suppress the statements made to the officers before and during the interrogation, alleging that he did not fully understand his *Miranda* rights. The trial court overruled the motion, finding that the interpreter's translation was full and accurate, and that appellant had a complete understanding of the rights when he waived them. After a bench trial, appellant was convicted and sentenced accordingly.

Appellant appeals, contending that the trial court erred by overruling the motion to suppress. Appellant argues that his waiver was not knowing or voluntary because the translation of his *Miranda* rights into Spanish was inadequate. Appellant contends that Miesse translated only the ideas behind each of the *Miranda* rights and that a verbatim translation was necessary for his waiver of the rights to be valid.

The trial court, as the trier of fact, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143–1144. Accordingly, when reviewing the denial of a motion to suppress, we are bound to accept the trial court's findings of fact which are supported by competent, credible evidence. *Id.* Relying on the trial court's factual findings, we then must determine "without deference to the trial court, whether the court has applied the appropriate legal standard." *State v. Anderson* (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034, 1036.

The prosecution bears the burden of proving by a preponderance of the evidence that the accused was advised of his four *Miranda* rights. *State v. Gumm* (1995), 73 Ohio St.3d 413, 429, 653 N.E.2d 253, 268. Appellant contends that the *Miranda* warning provided to him was inadequate because it was not a verbatim translation. Appellant cites *State v. Ramirez* (1999), 135 Ohio App.3d 89, 732 N.E.2d 1065, in support of this contention.

In *Ramirez*, the defendant was a Mexican national who had lived in the United States for three and one-half months prior to his arrest. Although fluent in Spanish, the defendant did not know any English. The interpreter provided to the defendant had taken seven quarters of college Spanish more than ten years earlier, and had lived in Mexico for six months at an unspecified time during her life. The interpreter's translation was technically incorrect, did not inform the defendant that he had a right to have an attorney present during questioning, did not make clear that the defendant's statements could be used against him, and did not explain that the defendant had the right to appointed counsel. Further,

when asked if the defendant understood his *Miranda* rights, the interpreter did not translate the defendant's response directly but rather offered her own opinion as to whether the defendant understood his rights.

Contrary to appellant's argument, the *Ramirez* court did not hold that a verbatim translation of the *Miranda* warnings is necessary for a waiver of those rights to be valid. Rather, the court acknowledged that there is no rigid rule requiring that the warnings given to an accused before an interrogation be a virtual incantation of the precise language of *Miranda. Ramirez,* 135 Ohio App.3d at 97, 732 N.E.2d at 1070. The court held that the warning must merely be sufficient to apprise the accused of the rights set forth in *Miranda. Id.* Considering the particularly poor translation provided to the defendant in *Ramirez,* and the fact that the defendant knew no English, the court found that the police had failed to adequately apprise the defendant of his *Miranda* rights before interrogating him. The court also disapproved of the interpreter's use of her own opinion as to the defendant's understanding of his *Miranda* rights rather than a direct translation of his response.

█ *Miranda* itself indicates that "no talismanic incantation [is] required to satisfy its strictures." *California v. Prysock* (1981), 453 U.S. 355, 359, 101 S.Ct. 2806, 2810, 69 L.Ed.2d 696, 701, citing *Miranda v. Arizona* (1966), 384 U.S. 436, 476, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694, 724–725. A translation of a suspect's *Miranda* rights need not be perfect or verbatim if the suspect understands that he need not speak to the police, that any statement made may be used against him, that he has a right to an attorney, and that an attorney will be appointed if he cannot afford one. *Duckworth v. Eagan* (1989), 492 U.S. 195, 210–215, 109 S.Ct. 2875, 2884–2887, 106 L.Ed.2d 166, 181–186; *United States v. Hernandez* (C.A.10, 1996), 93 F.3d 1493, 1502; *United States v. Soria–Garcia* (C.A.10, 1991), 947 F.2d 900, 901–903; *United States v. Hernandez* (C.A.10, 1990), 913 F.2d 1506, 1510.

█ Miesse's translation was certainly sufficient to convey the essence of the *Miranda* warning to appellant. Appellant understood at least part of the *Miranda* warning that was spoken to him in English, and the entire *Miranda* warning was spoken to appellant in Spanish. The record firmly establishes that appellant's rights were adequately explained to him, that he understood his rights, and that he voluntarily waived them. The record permits only one conclusion: Appellant understood the *Miranda* advisement. The assignment of error is overruled.

*Judgment affirmed.*

POWELL, P.J., and WILLIAM W. YOUNG, J., concur.