**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

COREY L. BROWN, a/k/a Snoop,
a/k/a Snoop G,

    Defendant-Appellant.

No. 03-1244
(D. Colo.)
(D.Ct. No. 02-CR-506-B)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Mr. Corey L. Brown entered a plea agreement with the government and conditionally pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), reserving certain suppression of evidence issues for appeal. The United States District Court for the District of Colorado sentenced him to thirty months in prison. On appeal, Mr. Brown asserts the district court erred by denying his motion to suppress a number of his incriminating statements. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

During the investigation of an armed confrontation in Colorado Springs, the police took four separate statements from Mr. Brown, who participated in the confrontation. Mr. Brown contends the district court erred in refusing to suppress three of these statements, alleging inadequacy of the *Miranda* warnings given.

The first contested statement occurred September 20, 2002, when police executed a search warrant at Mr. Brown's apartment in an effort to locate evidence of a firearm used in the confrontation. While three other officers conducted the search, Colorado Springs Police Detective Jackson Andrews interviewed Mr. Brown regarding the confrontation. Mr. Brown willingly agreed to the questioning. After Mr. Brown informed Detective Andrews he was a convicted felon, Detective Andrews decided to advise Mr. Brown of his *Miranda*

rights, in case authorities later criminally charged him as a felon in possession of a firearm. From memory, Detective Andrews advised Mr. Brown of his rights. Mr. Brown then signed a form indicating he was advised of his rights and agreed to make a statement.[1] Subsequently, Mr. Brown made incriminating statements he possessed the firearm used during the confrontation.

The next contested statement occurred when the police arrested Mr. Brown on October 12, 2002. Detective Andrews again advised Mr. Brown of his rights and Mr. Brown acknowledged verbally and in writing he understood his rights and wished to talk to the police.[2] Mr. Brown then made incriminating statements,

_____

[1] Mr. Brown signed a consent to search form rather than an advice of rights form by mistake. However, Mr. Brown voluntarily wrote on the form he had been advised of his rights.

[2] Detective Andrews read Mr. Brown his rights from the advice of rights form, which Mr. Brown signed. The form advises:

Miranda Warning
1. You have the right to remain silent.
2. Anything you say can and will be used against you in a court of law.
3. You have the right to talk to a lawyer and have him present with you while you are being questioned.
4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish.

Waiver
1. Do you understand each of these rights I have explained to you?
    Having these rights in mind, do you wish to talk to me now?

again admitting he possessed the firearm.

Mr. Brown made the final contested statement while officers transported him to federal court for his initial appearance. After officers read Mr. Brown his *Miranda* rights and he informed them he understood his rights and agreed to speak to the officers, Mr. Brown made more incriminating statements admitting his possession of the firearm in question.[3]

Later, Mr. Brown moved to suppress these incriminating statements, contending the *Miranda* warnings the police gave him were inadequate because the officers failed to inform him any appointed attorney would represent him "without charge" and he could terminate the interviews at any time.

---

[3] Detective James Rodgers read Mr. Brown his rights as follows:

The warnings:
You have the right to remain silent.
Anything you say can be used against you in court.
You have the right to consult with an attorney and to have them present during questioning.
If you cannot afford an attorney, one will be appointed to represent you prior to any questioning.

The waiver:
Do you understand your rights?
Are you willing to waive these rights and talk to me?

Following a hearing, the district court denied the motion to suppress. With regard to the September 20, 2002 statement made in Mr. Brown's home, the district court determined suppression of the statement was not warranted because (1) Mr. Brown was not in custody when he made the statement, and (2) even if he was in custody, he received adequate *Miranda* warnings and executed a valid waiver of his rights. The district court also determined officers properly elicited Mr. Brown's other two statements, finding they were not required to inform Mr. Brown he would be appointed an attorney "at no cost" or "without charge," or he could terminate questioning at any time. Mr. Brown appeals, challenging the district court's finding the September 20, 2002 statement was not given in custody, and all three statements were provided after adequate *Miranda* advisements.

When reviewing a district court's denial of a motion to suppress, we accept the district court's findings of fact unless clearly erroneous and consider the evidence in the light most favorable to the government. *United States v. Bennett*, 329 F.3d 769, 773 (10th Cir. 2003). We also keep in mind "at a hearing on a motion to suppress, the credibility of the witnesses and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom, are matters for the trial judge." *United States v. Fernandez*, 18 F.3d 874, 876 (10th Cir.

1994).  However, we review de novo as a question of law both the district court's ultimate determination whether a *Miranda* violation under the Fourth Amendment occurred, *Bennett*, 329 F.3d at 773, and whether a defendant is "in custody" for the purpose of giving a *Miranda* warning, *see United States v. Erving L.*, 147 F.3d 1240, 1246 (10th Cir. 1998).

As an initial matter, we reject Mr. Brown's contention he was in custody when he provided his first incriminating statement September 20, 2002.  As the district court properly found, the circumstances surrounding this interview did not constitute a custodial interrogation.  Law enforcement officers are required to advise a defendant of his or her right against self-incrimination only before initiating a custodial interrogation.  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  A suspect is in custody and entitled to a *Miranda* warning where "a reasonable person in the suspect's position" would consider "his freedom of action to be curtailed to a degree associated with formal arrest."  *Erving* L., 147 F.3d at 1246-47.  Although the determination of custody is necessarily a fact-intensive exercise, several factors have proved useful in making this determination:  (1) whether the suspect is made aware he or she is free to refrain from answering questions and may end the interview; (2) the nature of the questioning; and (3) whether the interview was conducted in a "police dominated"

atmosphere.  *United States v. Griffin*, 7 F.3d 1512, 1518-19 (10th Cir. 1993).

In this case, the district court considered these factors and based its determination Mr. Brown was not in custody at the time of his September 20, 2002 statement on his findings, in part, that (1) the officers conducted the interview in Mr. Brown's own home; (2) the officers advised him he was not under arrested and did not threaten or restrain him in any way; (3) Detective Andrews credibly described his conversation with Mr. Brown as "warm;"[4] and (4) the officers did not display their weapons or come in physical contact with Mr. Brown.  Under these circumstances, the district court determined a reasonable person would not believe he or she had no choice but to answer incriminating questions.  We agree and conclude the district court correctly denied Mr. Brown's motion to suppress as to his September 20, 2002 statement because he did not make his incriminating statement while in custody, therefore making a *Miranda* advisement unnecessary.

In any event, even if Mr. Brown was deemed in custody at the time of the

_____

[4] Detective Andrews also testified he knew Mr. Brown for a long time, the interview was conversational, and at one point during the interview they even played with Mr. Brown's children.

September 20, 2002 statement, the district court correctly denied his motion to suppress this statement because Detective Andrews took the precautionary step of advising Mr. Brown of his *Miranda* rights and Mr. Brown subsequently waived these rights.

Mr. Brown's assertion the *Miranda* warning was inadequate because Detective Andrews did not explain an "appointed" lawyer was a "free lawyer," is meritless.  At the hearing, Detective Andrews recited from memory the same *Miranda* warnings he recited to Mr. Brown September 20, 2002.  In relevant part, Detective Andrews informed him:

> You have the right to remain silent.  Anything you say can and will be used against you in a court of law.  You have the right to an attorney and to have him present with you while you're being questioned.  If you cannot afford to hire an attorney, one will be appointed to represent you before any questioning, if you wish.

It is clear Detective Andrews adequately advised Mr. Brown of his rights to an attorney.[5]  A reasonable person, when told "if you cannot afford to hire an attorney, one will be appointed to represent you," would conclude the attorney would be provided "at no cost."  More is not required.  *See United States v. Soria-*

---

[5]  While Mr. Brown concedes under Tenth Circuit precedent, a suspect need not be informed "appointed" means "at no cost," he nevertheless asks us to reconsider such precedent, which we decline to do.

*Garcia*, 947 F.2d 900, 903 (10th Cir. 1991) (concluding *Miranda* warning was adequate where the defendant was advised that "if he didn't have 'money to employ an attorney,' he would have on either 'appointed,' ... or 'one would be obtained for [him]'"). Therefore, the district court did not err by denying Mr. Brown's motion to suppress on this ground.

Likewise, Mr. Brown's claim the *Miranda* warning was inadequate for failing to inform Mr. Brown he could discontinue the interview at any time and/or ask for a lawyer at any time also must fail. Here, Detective Andrews explicitly informed Mr. Brown of his right to remain silent and his right to the presence of an attorney during any questioning. These advisements adequately advised Mr. Brown of his right to refuse to answer questions and/or refuse to answer questions until represented by an attorney in light of the fact Mr. Brown does not contend he sought to terminate questioning at any point during the interview. There is no requirement a suspect be informed he or she may terminate questioning at any time, *United States v. DiGiacomo*, 579 F.2d 1211, 1214 (10th Cir. 1978), and "warnings that convey the substance of the suspect's rights are sufficient," *United States v. Hernandez*, 93 F.3d 1493, 1502 (10th Cir. 1996). Therefore, we conclude the district court correctly determined the *Miranda* warning Detective Andrews provided Mr. Brown September 20, 2002 was adequate and should not

be suppressed for this reason.

Because Mr. Brown makes the same inadequacy arguments to support suppression of his October 12, 2002 and October 15, 2002 statements, and the warnings given on those occasions were even more comprehensive than Detective Andrews' September 20, 2002 advisement, we need not discuss these claims in detail, but similarly conclude they lack merit for the reasons already discussed.

Therefore, we **AFFIRM** the district court's order denying Mr. Brown's motion to suppress.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge